[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 137.]

HAMILTON ET AL., APPELLANTS, *v.* OHIO SAVINGS BANK, F.K.A. OHIO SAVINGS ASSOCIATION, APPELLEE.

[Cite as *Hamilton v. Ohio Savings Bank*, 1994-Ohio-526.]

*Banks—Residential mortgages—Bank's method of interest calculation results in incomplete amortization of mortgage within the stated term—Federal Truth in Lending Act violation alleged—Section 1640(e), Title 15, U.S. Code, construed and applied—Statute of limitations tolled until mortgagor discovered or had reasonable opportunity to discover the alleged fraud or nondisclosures that formed the basis for the Truth in Lending action.*

(No. 92-2302—Submitted April 26, 1994—Decided August 31, 1994.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 61908.

————————————

{¶ 1} Plaintiffs-appellants, Frances E. Hamilton, Barbara A. Seidel and George L. Seidel, obtained residential mortgages from defendant-appellee, Ohio Savings Bank, formerly known as Ohio Savings Association ("Ohio Savings"). Hamilton's mortgage was for the principal sum of $44,000 and was to be payable in consecutive monthly installments of $364.79 with the "remaining balance, of principal and interest, if any," payable at the end of the twenty-nine-year mortgage term. The stated interest rate was 9.25 percent. The Seidel mortgage secured a principal amount of $32,400 with monthly payments of $262.76 over a period of twenty-nine years. Its stated interest rate was nine percent per annum. The Hamilton mortgage was executed in September 1976 and the Seidel mortgage was signed in August 1977.

{¶ 2} Both mortgages contained the following language regarding interest calculation:

"Such interest shall be computed monthly by (i) obtaining a daily interest factor based upon a 360-day year, (ii) multiplying such factor by the actual number of days in each calendar month, and (iii) applying the result against the unpaid balance of this note outstanding on the last day of each month."

"Regulation Z" consumer disclosure notices, pursuant to Section 226.1 *et seq.*, Title 12, C.F.R., were provided to both mortgagors. The record contains two different Hamilton Regulation Z forms. One is attached to the appellee's motion for summary judgment and is entitled "Joint Appendix Exhibit 'E'." On this form a typewritten notation was included that stated "THE CONTRACT INTEREST RATE IS 9.25% (365/360 method)." The second Regulation Z form is attached as plaintiff's Exhibit 4 to the deposition of Judy Ledin. The same typewritten language is included but it would appear that the "365/360" language was altered to read "360/360." Given the state of these documents, it is difficult to ascertain exactly what was done. The Seidel Regulation Z form does not indicate how interest will be calculated.

{¶ 3} Ultimately, another Ohio Savings mortgagor, John P. Clark, who holds degrees in both mathematics and economics, discovered that when the 365/360 method of interest calculation is used, the stated interest rate was less than that actually charged and paid to the bank. Based on this theory, the appellants claim that the actual rate of interest on the Hamilton note became 9.37 percent rather than 9.25 percent, and on the Seidel note, 9.12 percent rather than nine percent. Additionally, because the bank had based the monthly payment on a 365/360 calculation, both notes carried monthly payments that were insufficient to fully amortize the principal over the term of the loan. According to appellants, this will result in outstanding balances at the end of the twenty-nine-year term on both notes, necessitating final payments of $6,493 on the Hamilton note and $4,702.34 on the Seidel note.

{¶ 4} Hamilton and the Seidels filed suit on their own behalf and all others similarly situated, claiming violations of the federal Truth in Lending Act, Section 1601 *et seq.*, Title 15, U.S.Code, as well as common-law claims of fraud, unjust enrichment, conversion and breach of contract. After protracted litigation, appellee moved for summary judgment. The bank argued that the 365/360 method of interest calculation was legal and fully disclosed; the understated monthly payment was a mistake by the bank that actually inured to the benefit of appellants by understating their monthly payments by roughly $3 to $4; and the appellants' actions were time-barred. The trial court granted summary judgment for the bank and the court of appeals affirmed, holding, inter alia, that appellants' Truth in Lending claims were barred by the one-year statute of limitations found in Section 1640(e), Title 15, U.S.Code.

{¶ 5} The matter is now before this court upon the allowance of a motion to certify the record.

———————————

*Robert E. Sweeney Co., L.P.A.*, *Robert E. Sweeney*, *Mark Wintering*, *Kevin E. McDermott* and *J. William Petro*; *Weiss, Kwait & Associates* and *Steven M. Weiss*, for appellants.

*Arter & Hadden*, *Hugh M. Stanley, Jr.*, *Irene C. Keyse-Walker* and *Beth Whitmore*; *Marc W. Freimuth* and *Roy E. Lachman*, for appellee.

*Kristen E. Manos*, urging reversal for *amici curiae*, United States Public Interest Research Group, Ohio Public Interest Research Group, and Consumer Federation of America.

———————————

**MOYER, C.J.**

{¶ 6} The threshold issue is whether appellants' claims are time-barred, thereby divesting the trial court of subject matter jurisdiction. Section 1640(e), Title 15, U.S.Code provides: "Any action under this section may be brought in any

United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. ***"

{¶ 7} The determinative question is what is meant by "occurrence of the violation." There is a divergence of views among the federal courts regarding the application of that phrase. At least three approaches have been used to determine when the statutory period commences. The first maintains that Congress clearly intended that the statute of limitations begins to run at the execution of the contract and should be strictly enforced. *Stevens v. Rock Springs Natl. Bank* (C.A.10, 1974), 497 F.2d 307. The second view is based on the notion that nondisclosure of the actual interest rates represents a continuing violation of the contract and the limitations period should be fluid and liberally applied. See *Postow v. OBA Fed. S. & L. Assn.* (C.A.D.C.1980), 627 F.2d 1370 (adopting "continuing violation" theory in limited situations). The final theory is that offered by the Sixth Circuit in *Jones v. TransOhio Savings Assn.* (C.A.6, 1984), 747 F.2d 1037. The *Jones* court reasoned that to strictly enforce the one-year statute of limitations would run counter to the expressed purpose of the Act and its remedial nature. Therefore, the court held that under certain circumstances the statute might equitably be tolled. See, also, *King v. California* (C.A.9, 1986), 784 F.2d 910 (expressly adopting the Sixth Circuit's reasoning).

{¶ 8} We adopt the third application of the statute because under the appropriate circumstances, tolling the statute of limitations will effectuate the purpose of Congress in adopting the Truth in Lending Act. Section 1601(a), Title 15, U.S.Code provides: "*** It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."

4

**{¶ 9}** The Act was designed as a consumer protection statute aimed at permitting informed choices and guarding against divergent and possibly fraudulent practices. *King*, *supra*, 784 F.2d at 915. Its provisions are remedial in nature and should be liberally construed. *Jones*, *supra*, 747 F.2d at 1040. As stated by the Sixth Circuit: "*** Only if Congress clearly manifests its intent to limit the federal court's jurisdiction will it be precluded from addressing allegations of fraudulent concealment which by their very nature, and if true, serve to make compliance with the limitations period imposed by Congress an impossibility." *Id.* at 1041.

**{¶ 10}** Therefore, we conclude that in the case before us, the statute of limitations began to run at the time the mortgages were executed. However, the time within which appellants are required to bring an action against the bank may be tolled until they discovered or had reasonable opportunity to discover the alleged fraud or nondisclosures that formed the basis for their Truth in Lending action. This determination necessarily involves questions of fact that preclude summary judgment. On remand, the trial court should determine when the appellants could reasonably have discovered the divergent terms of the mortgage, note and disclosure forms, and whether they filed this action within one year from that date.

**{¶ 11}** As to appellants' common-law claims, we are likewise persuaded that summary judgment was inappropriate. The record is contradictory as to what was disclosed to whom. On one document, the 365/360 method is disclosed; on another it is not. Summary judgment may not be granted when reasonable minds could come to differing conclusions. Civ.R. 56(C). Whether the method of interest calculation and the incomplete amortization of the loan within the stated term were disclosed is a question of fact. Whether these items amounted to misrepresentations, fraudulent conduct, or merely harmless mistakes, is also an issue best left to the finder of fact, thereby precluding summary judgment.

{¶ 12} For the foregoing reasons, the judgment of the court of appeals is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, WOLFF and PFEIFER, JJ., concur.

WILLIAM H. WOLFF, JR., J., of the Second Appellate District, sitting for F.E. SWEENEY, J.

_____