[Cite as *JNT Properties, L.L.C. v. Keybank Natl. Assn.*, 2011-Ohio-3260.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95822

---

## JNT PROPERTIES, LLC

PLAINTIFF-APPELLEE

vs.

## KEYBANK, NATIONAL ASSOCIATION

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-681873

**BEFORE:** Kilbane, A.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 30, 2011

**ATTORNEYS FOR APPELLANT**

Steven M. Weiss
55 Public Square, Suite 1009
Cleveland, Ohio 44113

Mark R. Koberna
Mark E. Owens
Rick D. Sonkin
Sonkin & Koberna, Co., L.P.A.
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio 44122

Ingrid L. Moll
William H. Narwold
Motley Rice L.L.C.
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103


**ATTORNEYS FOR APPELLEE**

Hugh M. Stanley, Jr.
Benjamin C. Sasse
Thomas R. Simmons
Tucker, Ellis & West
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115

MARY EILEEN KILBANE, A.J.:

{¶ 1} Plaintiff-appellant, JNT Properties, LLC (JNT), appeals the trial court's decision granting summary judgment in favor of defendant-appellee, KeyBank National Association (KeyBank). Finding merit to the appeal, we reverse and remand.

{¶ 2} In January 2009, JNT filed a class action against KeyBank. In its first amended class action complaint, JNT alleges that it obtained a loan from KeyBank in the principal amount of $375,350, and pursuant to the promissory note ("Note"), JNT agreed to repay the principal together with interest at the rate of 8.93 percent per annum. JNT alleges that KeyBank has breached the promissory note between JNT and other class members when KeyBank assessed interest based on a calculation known as the "365/360 method."[1]

_____

[1]In *Republic of France v. Amoco Transport Co.* (C.A.7, 1993), 4 F.3d 997, the Seventh Circuit Court of Appeals summarized the 360/365 method as follows:

**"Because the Gregorian calendar makes it impossible to have both equal daily interest charges and equal monthly interest charges throughout the year, banks have developed three methods of computing interest. These are the 365/365 method (exact day interest), the 360/360 method (ordinary interest) and the 365/360 method (bank interest). * * * [Under the 365/360 method,] the bank first divides the annual interest rate by 360 to produce a daily interest factor. It then applies that factor**

{¶ 3} The Note provides in pertinent part:

**"PROMISSORY NOTE**
**(Variable Rate)**

**Principal Amount: $370,350.00    Initial Interest Rate: 8.93%**

**PAYMENT. * * *[JNT] will pay this loan in accordance with the following payment schedule:**

**One interest only payment on July 1, 2007, with interest calculated on the unpaid principal balance at an interest rate of 8.93%; followed by consecutive monthly principal and interest payments in the initial amount $3,315.48 each, beginning August 1, 2007, with interest calculated on the unpaid principal balance at an initial interest rate of 8.93%; and 1 final principal and interest payment in the estimated amount of $3,315.48. * * * The interest rate will be adjusted on July 1, 2012, July 1, 2017 and July 1, 2022 to reflect the current Index defined below plus 325 basis points. The monthly payment [JNT] shall pay to [KeyBank] will be adjusted on July 1, 2012, July 1, 2017 and July 1, 2022, to a monthly payment of principal and interest, based on the above-referenced adjusted interest rate[.]**

**The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.**

**VARIABLE INTEREST RATE. The interest rate on this Note is subject to change on July 1, 2012, July 1, 2017 and**

---

**to each of the 365 or 366 days in the year, even though the borrower has paid the nominal 'annual' interest due after 360 days. Thus this method generates five or six extra days of interest for the bank each year, increasing the effective interest rate for the calendar year by 1/72."   (Citations omitted.)**

**July 1, 2022 based on changes in an Index which is the Federal Home Loan Bank of Seattle Five (5) Year Intermediate/Long Term Advances Fixed Rate published daily by the Federal Home Loan Bank of Seattle[.]  \* \* \* The Index is currently at 5.68% per annum.  The initial interest rate to be applied to the unpaid principal balance of this Note will be at a rate of 325 basis points (3.25%) over the index, resulting in an initial rate of 8.93% per annum."**

{¶ 4} JNT further alleges that KeyBank's improper use of the 365/360 method created an interest rate of 9.05 percent per annum, rather than the 8.93 percent  per annum listed on the Note.  JNT's complaint raises a claim for breach of contract, seeks class treatment, requests declaratory and injunctive relief requiring KeyBank to cease using the 365/360 method of computing annual interest, and prays for damages, costs, attorney's fees, and other relief.

{¶ 5} In response to JNT's complaint, KeyBank filed a motion to dismiss, which JNT opposed.  The trial court denied KeyBank's motion and KeyBank appealed to this court.  This court dismissed the appeal for lack of a final appealable order in December 2009.  See *JNT Properties, LLC v. Key Bank Natl. Assoc.*, Cuyahoga App. No. 94045.

{¶ 6} On remand, KeyBank answered JNT's complaint and asserted a counterclaim for reformation.  Following discovery focused on the intentions of the parties to the Note, KeyBank moved for summary judgment.  KeyBank argued the only reasonable interpretation of the interest calculation provision

is that the interest payments would be calculated from the annual interest rate (8.93%) disclosed in the Note using the 365/360 method.  JNT opposed, arguing that because the "initial rate of 8.93% per annum" is unambiguous, KeyBank cannot use the unintelligible 365/360 formula in the Note to charge JNT more than 8.93 percent interest per year.[2]

{¶ 7}  In September 2010, the trial court granted KeyBank's motion for summary judgment, finding that:

> **"[T]he contract [Note] is clear that [KeyBank] intended to use the 365/360 method to calculate interest.  There is no evidence that [JNT] either didn't consent to the 365/360 method or intended the use of some other method.**
>
> **The fact that the words used to describe the formula for calculating the interest rate ('that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding') do not correctly describe the 365/360 calculation does not change the parties' agreement that 'the annual interest rate for this note is computed on a 365/360 basis.'**
>
> **As JNT notes at Page 6 of its opposition brief, 'when a single portion of a lengthy contract is unintelligible, but yet severable from the remainder, a court may strike that portion itself without affecting the enforceability of the remainder.'  In this case the unintelligible verbal formula may be ignored, but the reference to the 365/360 method [for computing interest] – accepted shorthand for a commonly used formula – [will be] retained and enforced."**

---

[2]Both parties agree that the term "per annum" means "per year."

**{¶ 8}** It is from this order that JNT appeals, raising one assignment of error, in which it argues that the trial court erred when it granted summary judgment in favor of KeyBank.

## Standard of Review

**{¶ 9}** Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, as follows:

> "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."

**{¶ 10}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385,

1996-Ohio-389, 667 N.E.2d 1197.   Doubts must be resolved in favor of the nonmoving party.

*Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

### The Contract

{¶ 11} "A contract is generally defined as a promise, or a set of promises, actionable upon breach.  Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.'  *Perlmuter Printing Co. v. Strome, Inc.* (N.D.Ohio 1976), 436 F.Supp. 409, 414.  A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract.  *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations* (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134."  *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶16.

{¶ 12} When confronted with issues of contractual interpretation, the role of the court is to give effect to the intent of the parties to the agreement.  *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶11.  As the Ohio Supreme Court in *Westfield* stated:

> **"We examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy.  We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy.  When the language of a written contract is clear, a court may look no further than the**

writing itself to find the intent of the parties. As a matter of law, a contract is unambiguous if it can be given a definite legal meaning.

On the other hand, where a contract is ambiguous, a court may consider extrinsic evidence to ascertain the parties' intent. A court, however, is not permitted to alter a lawful contract by imputing an intent contrary to that expressed by the parties.

It is generally the role of the finder of fact to resolve ambiguity. However, where the written contract is standardized and between parties of unequal bargaining power, an ambiguity in the writing will be interpreted strictly against the drafter and in favor of the nondrafting party."[3] (Citations omitted.) Id. at ¶11-13.

{¶ 13} In the instant case, JNT argues the parties intended that the interest on the loan would be 8.9 percent per year and KeyBank breached this agreement by using the 365/360 method and charging 9.05 percent interest per year instead. JNT relies primarily on *Ely Ents., Inc. v. FirstMerit Bank, N.A.*, Cuyahoga App. No. 93345, 2010-Ohio-80, appeal not allowed, 125 Ohio St.3d 1415, 2010-Ohio-1893, 925 N.E.2d 1003, to support its position that the plain language of the Note requires KeyBank to charge interest at an initial rate of 8.93 percent per year.

---

[3]"A contract is ambiguous if its terms cannot be clearly determined from a reading of the entire contract or if its terms are susceptible to more than one reasonable interpretation." *Militiev v. McGee*, Cuyahoga App. No. 94779, 2010-Ohio-6481, ¶30, citing *United States Fidelity & Guar. Co. v. St. Elizabeth Med. Ctr.* (1998), 129 Ohio App.3d 45, 716 N.E.2d 1201.

**{¶ 14}** In *Ely*, a commercial borrower (Ely) brought a breach of contract class action against FirstMerit, alleging that "FirstMerit breached the promissory note between the parties when it assessed interest based on a calculation known as the '365/360' method, which created an effective interest rate of 11.153% per annum." Id. at ¶2. FirstMerit filed a motion to dismiss, which the trial court granted.

**{¶ 15}** Ely appealed, arguing the 365/360 interest rate computation method used by FirstMerit imposed a per annum that was greater than the 11.000% provided in the promissory note. FirstMerit argued the parties agreed to alter the meaning of the term "per annum" by agreeing to the 365/360 calculation method. This court found that the "term 'per annum' is ordinarily defined as 'by the year'" and "[t]he computation of interest provision [in the promissory note] did not indicate an actual calculated interest rate. The calculation [used by FirstMerit contained] the 'annual interest rate' as part of the equation, and [did] not change the stated interest rate on the note. * * * [T]he calculation allegedly was applied to impose a greater interest rate than the stated rate of 11.000% per annum." Id. at ¶10 and 13. Therefore, we concluded that FirstMerit was not entitled to a Civ.R. 12(B)(6) dismissal because "to the extent the calculation and the monthly payment amount [were] inconsistent with the more specific terms of principal and stated interest rate, the promissory note is ambiguous." Id. at ¶17.

{¶ 16} In reaching our decision, this court relied in part on *Hamilton v. Ohio Sav. Bank*, 70 Ohio St.3d 137, 1994-Ohio-526, 637 N.E.2d 887. In *Hamilton*, mortgagors challenged the mortgagee bank's use of a 365/360 method for calculating interest. The mortgagors sought to terminate the bank's alleged practice of overcharging interest. The Ohio Supreme Court reviewed inconsistencies among the documents and determined that the record was contradictory as to what was disclosed between the parties. The court concluded there were genuine issues of material fact precluding summary judgment. Id. at 140.[4] We noted that "[a]lthough *Hamilton* dealt with certain disclosure issues not presented herein, the case did contain allegations of overcharging interest through the use of a 365/360 method of calculating interest, and the action was allowed to proceed as a class action." *Ely* at ¶16.

{¶ 17} The matter before us presents a situation similar to *Ely* and *Hamilton*. Here, the interest computation provision used by KeyBank does not indicate an actual stated interest rate. Rather, the formula provides that "[t]he annual interest rate * * * is computed * * * by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding

---

[4]In a later appeal, the Ohio Supreme Court held that the action was to proceed as a class action and that the entire class be certified with respect to all claims. *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 1998-Ohio-365, 694 N.E.2d 442.

principal balance, multiplied by the actual number of days the principal balance is outstanding."

{¶ 18} KeyBank argues the "initial interest rate" of 8.93 percent was to be used as a starting point to calculate a daily interest factor by dividing 8.93 by 360, which would then be multiplied by the number of days in the year that the principal is outstanding (366 days in leap years and 365 days in all other years). KeyBank further argues the parties intended that the yearly interest rate would be computed on a 365/360 basis. To support its argument, KeyBank relies on correspondence that indicated the initial interest rate was set by adding 3.25 percent to the Federal Home Loan Bank of Seattle Five Year Intermediate/Long Term Advances Fixed Rate and an affidavit of a senior vice president who asserted that KeyBank's intent was that the 365/360 method would be applied to the initial rate 8.93 percent to calculate interest, which would "result[ ] in a slightly higher yield to KeyBank" than if another method was used.[5]

{¶ 19} However, "where the written contract is standardized and between parties of unequal bargaining power, an ambiguity in the writing will be interpreted strictly against the drafter and in favor of the nondrafting

---

[5]KeyBank provided this court with *Kreisler & Kreisler, LLC v. Natl. City Bank* (E.D. Mo. 2011), Case No. 4:10CV956 CDP and *RBS Citizens, Natl. Assn. v. RTG-Oak Lawn, LLC* (C.A.1, 2011), 407 Ill.App.3d 183, 943 N.E.2d 198, as supplemental authority to support its position. We find these cases easily distinguishable. Both cases are based on Illinois law and the interest provision at

party." *Westfield* at ¶13. In its decision denying KeyBank's motion to dismiss, the trial court described the formula as unintelligible, stating "how can a calculation that is supposed to result in an 'annual interest rate' start with the 'annual interest rate' if it isn't both divided and multiplied by the same number?" We agree.

{¶ 20} Here, the calculation used by KeyBank in the instant case imposes a greater interest rate than the stated interest rate of 8.93 percent per annum. When the trial court granted summary judgment in favor of KeyBank, it severed the "unintelligible verbal formula," but retained KeyBank's reference to the 365/360 method. The court rewrote the calculation to state that "[t]he annual interest rate for this Note is computed on a 365/360 basis[.]" The court further stated that this method is "accepted shorthand for a commonly used formula," but never defined the formula.

{¶ 21} "Summary judgment may not be granted when reasonable minds could come to differing conclusions." *Hamilton* at 140. Thus, just as in *Ely*, we find that the 365/360 formula used to calculate interest in the instant case cannot be read "as clearly evidencing an intent of the parties to alter the ordinary meaning of the term 'per annum,' or as creating an 'annual interest rate' other than the stated rate" of 8.93 percent. Id. at ¶11.

---

issue in *RBS* is different than the instant case.

{¶ 22} Since we cannot conclude that there is no genuine issue of material fact, the trial court's decision granting summary judgment in favor of KeyBank is reversed.

{¶ 23} The sole assignment of error is sustained.

{¶ 24} Accordingly, judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY