# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1772

_____

Kreisler & Kreisler, LLC,            *

                                *

        Plaintiff - Appellant,     *

                                *   Appeal from the United States

    v.                     *   District Court for the

                                *   Eastern District of Missouri.

National City Bank; PNC      *

Bank Corp, as successor in interest  *

of National City Bank,       *

                                *

        Defendants-Appellees.    *

_____

Submitted:  September 22, 2011
Filed:  October 6, 2011

_____

Before LOKEN, BEAM, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Kreisler & Kreisler, LLC (Kreisler) brought a class action against National City Bank and PNC Bank Corporation as its successor in interest (the Bank), alleging that the Bank breached its contract by charging interest in excess of the rate specified in the promissory note. The district court[1] granted the Bank's motion to dismiss after

_____

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

concluding that the relevant provisions are clear, do not conflict with one another, and adequately disclose the interest to be charged. We affirm.

## I.

Kreisler secured a commercial loan for $48,407 from National City Bank, which later merged with PNC. Kreisler's promissory note obligated it to pay "the principal amount . . . together with the interest on the unpaid principal balance from 4-9-09 until paid in full." The two provisions of the note discussing the interest rate, which are the subject of the dispute, provide:

[Payment]
The annual interest rate for the Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.

[Variable Interest Rate]
The interest rate on this Note is subject to change from time to time based on changes in an index which is the Lender's Prime Rate. "Prime Rate" means the fluctuating rate per annum which is publicly announced from time to time by Lender as being its "prime rate" . . . . The interest rate to be applied to the unpaid principal balance during this Note will be at a rate of 1.000 percentage point over the index.

In May 2010 Kreisler brought this class action against the Bank on behalf of other commercial borrowers with similar promissory notes, alleging that the Bank breached the loan agreement by using less than 12 calendar months to calculate the annual interest rate and thereby charging 101.389% of the agreed upon interest rate.

The district court granted the Bank's motion to dismiss for failure to state a claim. Kreisler appeals.

## II.

We review a district court's dismissal of an action for failure to state a claim de novo, taking all facts alleged in the complaint as true. Koehler v. Brody, 483 F.3d 590, 596 (8th Cir. 2007). The parties agree that the promissory note is governed by Illinois law. Accordingly, we must give effect to the parties' intent, which is best discerned from the contract's language. Va. Sur. Co. v. N. Ins. Co. of N.Y., 866 N.E.2d 149, 153 (Ill. 2007). Because words derive their meaning from context, a contract must be construed "by viewing each part in light of the others." Bd. of Trade of the City of Chicago v. Dow Jones & Co., 456 N.E.2d 84, 90 (Ill. 1983). If the words in a contract are unambiguous, we "must afford them their plain, ordinary, and popular meaning." Outboard Marine Corp. v. Liberty Mut. Ins. Co., 607 N.E.2d 1204, 1212 (Ill. 1992) (emphasis omitted). Whether a contract is ambiguous is a question of law. Quake Constr. Inc. v. Am. Airlines, Inc., 565 N.E.2d 990, 994 (Ill. 1990). If the language is susceptible to more than one meaning, then resolution of the ambiguity as to the parties' intent is a question of fact and the court should not grant a motion to dismiss. Id.

Interest is generally calculated by multiplying the principal by the interest rate by the fraction of the year during which the money earns interest, or stated as a formula, interest = principal x rate x time. David Thorndike, Thorndike Encyclopedia of Banking and Financial Tables 11-1.1 (4th ed. 2001) (Thorndike). Banks have developed three approaches for establishing the time factor to address the impossibility of calculating equal daily and equal monthly interest charges throughout the year. In re Oil Spill by the "Amoco Cadiz" off the Coast of Fr. on Mar. 16, 1978, No. 92-3282, 1993 WL 360955, at *1 (7th Cir. Sept. 14, 1993). These are "the 365/365 method (exact day interest), the 360/360 method (ordinary interest) and the

365/360 method (bank interest)." Id. The most common method in commercial loans is to use the actual number of days the loan has been outstanding in a year divided by a 360 day year. Id. at *4; Thorndike 11-1.2. Because the numerator and denominator do not match as they do in the other methods, the 365/360 method increases the effective interest rate by .01389 in a non leap year. Thorndike 10-1.1.

Kreisler contests the Bank's use of the 365/360 method and the increase in the effective interest rate it causes. Kreisler argues that the 365/360 term in the payment provision conflicts with the term "per annum" in the variable interest rate provision and that description of the "annual interest rate" in the payment provision is too indefinite and uncertain to be enforced because it does not calculate a rate or purport to calculate an interest amount. Kreisler contends that interest should have been calculated based on the terms in the variable interest rate provision alone, interpreting the term "per annum" to require use of the 365/365 method. It does not, however, argue that the contract language is ambiguous. The district court concluded that the language was clear, the provisions did not conflict, the contract sufficiently disclosed how interest would be charged, and the Bank complied with its terms. We agree.

Recently, the Appellate Court of Illinois considered a breach of contract claim in which commercial borrowers had signed a promissory note with identical language in the payment provision to the one in our case, followed by similar language in the variable interest rate provision with the exception that this note specified that the initial rate was "8.250% per annum." Asset Exchange II, LLC v. First Choice Bank, — N.E.2d —, —, 2011 WL 2714225, at *1 (Ill. App. Ct. 2011). The court affirmed the trial court's dismissal of the claim, concluding that the use of the term per annum did not make the description of the annual interest rate in the payment provision ambiguous and that the terms did not conflict because per annum was defined in the note as a 360 day year. Id. — N.E.2d at —, 2011 WL 2714225, at *7. Similar contract provisions were considered by the court in RBS Citizens, Nat'l Ass'n. v. RTG-Oak Lawn, LLC, and it again determined that the language was not ambiguous

or contradictory and that it clearly disclosed the method of calculating interest. 943 N.E.2d 198, 205–06 (Ill. App. Ct. 2011).

Although these decisions are not binding on this court, they are persuasive authority that the Illinois Supreme Court would likely conclude that the provisions in the case before our court are clear and must be enforced. See United Fire & Cas. Ins. Co. v. Garvey, 328 F.3d 411, 413 (8th Cir. 2003). The Illinois appellate court decisions also accord with our own interpretation of Kreisler's promissory note.

The payment provision of the promissory note clearly sets out the time factor and the method for calculating interest, which the Bank followed. The description of the annual interest rate is comprised of two independent clauses. The first states that "annual interest rate for the Note is computed on a 365/360 basis." The second clause specifies exactly how a "365/360 basis" works: by calculating a daily rate using the annual rate divided by a 360 day year and then multiplying the daily rate by the number of days the balance was outstanding and by the balance itself.

Although the payment provision may have been clearer had it stated that the "annual interest," rather than the "interest rate," is calculated on a 365/360 basis, the provision's grammatical structure and precise explanation of the interest calculation do not support Kreisler's interpretation. The payment provision is not uncertain nor indefinite and can be enforced.

The terms of the payment provision are also consistent with the variable interest rate provision. Significantly, the variable interest rate provision does not specify a time factor when setting the interest rate. It states only that interest will be "at a rate of 1.000 percentage point over the Index." As such, the sentence setting the rate provides only a percentage and does not explain how the interest will be charged. Thus, we must look to the "annual interest rate" term in the payment provision for the missing time factor. When the two provisions are taken together, as Illinois law

instructs, see United Airlines, Inc. v. City of Chicago, 507 N.E.2d 858, 861 (Ill. 1987), the interest calculation and thus the effective rate are clear and accurately disclosed.

Kreisler relies on the term "per annum" in the variable interest rate provision to argue inconsistency in the note. Per annum means "[b]y, for, or in each year; annually." Black's Law Dictionary 1171 (8th ed. 2004). Kreisler contends that the "common ordinary meaning" of per annum is 12 calendar months, requiring the bank to use a 365/365 time factor to calculate interest. The term "per annum," however, appears only when describing the rate that constitutes the index: "'Prime Rate' means the fluctuating rate per annum which is publicly announced from time to time." Unlike the note in Asset Exchange II, the term "per annum" here is not used to describe the interest rate on the note and therefore cannot give rise to an inconsistency. Moreover, even if the note's interest rate were described as a per annum rate, the term "per annum" is not inconsistent with the 365/360 method for calculating interest. See Asset Exchange II, — N.E.2d at —, 2011 WL 2714225, at *7. Depending on the interest calculation method used, the year in any particular note may be a 365 day year or a 360 day year. The note here specifies a 360 day year and Kreisler's breach of contract claim fails as a matter of law.

III.

Accordingly, we affirm the judgment of the district court.

_____