[Cite as *JNT Properties, L.L.C. v. KeyBank Natl. Assn.,* 134 Ohio St.3d 209, 2012-Ohio-5369.]

JNT PROPERTIES, L.L.C., APPELLEE, *v.* KEYBANK NATIONAL ASSOCIATION, APPELLANT.

[Cite as *JNT Properties, L.L.C. v. KeyBank Natl. Assn.,*
134 Ohio St.3d 209, 2012-Ohio-5369.]

*Commercial paper—Promissory notes—Rate of interest—Method of calculation—*
*Phrase in note stating that "annual" interest rate is computed on 365/360*
*basis is imprecise, but intent to use 365/360 method is clear from context.*

(No. 2011-1392—Submitted May 22, 2012—Decided November 21, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 95822, 2011-Ohio-3260.

_____

**PFEIFER, J.**

**{¶ 1}** The parties in this case disagree about whether a clause in a promissory note is ambiguous. For the reasons that follow, we conclude that the clause is not ambiguous, and we reverse the judgment of the court of appeals.

**Background**

**{¶ 2}** Appellant, KeyBank National Association, loaned money to appellee, JNT Properties, L.L.C. The promissory note that memorializes their agreement includes language that, JNT argues, fixes the rate of interest at 8.93 percent per annum, but KeyBank is charging 8.93 percent every 360 days, a higher rate. KeyBank counters that the note fixes the rate using the "365/360" method and that the interest it has been charging is thus in accordance with the terms of the note.

**{¶ 3}** The dispute in this case stems from language in the note that seems to contradict itself. Under the heading "Variable Interest Rate," the note states that the interest rate is to be adjusted on July 1 of the years 2012, 2017, and 2022

"based on changes" in the Federal Home Loan Bank of Seattle Five (5) Year Intermediate/Long Term Advances Fixed Rate published daily by the Federal Home Loan Bank of Seattle." The same paragraph further states that the index "currently is 5.68% per annum" and that "[t]he initial interest rate to be applied to the unpaid principal balance of this Note will be at a rate of 325 basis points (3.25%) over the index, resulting in an initial rate of 8.93% per annum."

{¶ 4}   Under the heading "Payment," the note explains, rather inartfully, how the amount of interest to be paid will be calculated. It states, "The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding."

{¶ 5}   JNT filed a putative class action, alleging that KeyBank had breached its contract by charging interest in excess of the rate stated in the promissory note. JNT claimed that KeyBank was charging more interest than was agreed to by JNT by charging a rate calculated by the 365/360 method rather than an annual rate. KeyBank contended that the note fixes the interest rate according to the 365/360 method, which by definition results in a borrower paying more interest than when interest is calculated according to the 365/365 method. KeyBank moved for summary judgment, which the trial court granted upon its finding that the note was clear in establishing the 365/360 method for calculating interest and that JNT presented no evidence that it had not consented to that method. The court of appeals reversed, concluding that there was a genuine issue of material fact as to which interest rate was imposed by the note and that therefore the case was not amenable to summary judgment.

{¶ 6}   We accepted KeyBank's discretionary appeal.

2

**Analysis**

**{¶ 7}** Interest on a loan can be calculated in various ways. The simplest way is annually. For example, with a 5 percent interest rate and a $1,000 loan, at the end of one year, the borrower would owe $50 in interest, 5 percent of the loan balance. But the banking world does not charge interest on an annual basis. Instead, banks charge interest on a daily basis. *See Kreisler & Kreisler, L.L.C. v. Natl. City Bank*, 657 F.3d 729, 732 (8th Cir.2011). Because of the difficulties posed by the Gregorian calendar,

> [b]anks have developed three approaches for establishing the time factor to address the impossibility of calculating equal daily and equal monthly interest charges throughout the year. [*In re Oil Spill by the Amoco Cadiz,* 7th Cir. No. 92-3282, 1993 WL 360955, *1 (Sept. 14, 1993).] "These are the 365/365 method (exact day interest), the 360/360 method (ordinary interest) and the 365/360 method (bank interest)." *Id.* The most common method in commercial loans is to use the actual number of days the loan has been outstanding in a year divided by a 360 day year. *Id.* at *4.

*Kreisler* at 731-732.

**{¶ 8}** "Because the numerator and denominator do not match as they do in the other methods, the 365/360 method increases the effective interest rate by .01389 in a non leap year." *Id.* at 732. Thus, JNT's contention that over the course of a year, it is paying more in interest than it would if it paid annually is unassailable, but not dispositive.

**{¶ 9}** The issue in this case is not whether the 365/360 method of calculating interest results in a higher effective interest rate. It undeniably does. The issue is whether the clause that defines the method by which interest is

calculated is ambiguous. There is no doubt that the first clause is imprecise. It states: "The annual interest *rate* for this Note is computed on a 365/360 basis." (Emphasis added.) But the annual interest rate is not based on the 365/360 method. As already explained, the note includes a provision stating that the annual interest rate is based on the rate set by the Federal Home Loan Bank in Seattle.

{¶ 10} The real issue is whether the inartful use of the term "annual interest rate," which is clearly at variance with the next clause setting the 365/360 method as the applicable method for computing interest, renders the clause ambiguous. JNT argues that the clause is ambiguous and therefore incapable of altering the plain and ordinary meaning of the term "per annum." We do not agree. Read in context, the clause is not ambiguous. Rather, the clause "[t]he annual interest rate for this Note is computed on a 365/360 basis," followed immediately by a detailed description of the 365/360 method, is an imprecision, but not so confusing that a reasonable person would think that the rate set by the note would be calculated using something other than the 365/360 method. It is clear that the term being defined is not the annual interest rate but rather the method of computing regular interest payments. *See Kreisler,* 657 F.3d at 733:

> Although the payment provision may have been clearer had it stated that the "annual interest," rather than the "interest rate," is calculated on a 365/360 basis, the provision's grammatical structure and precise explanation of the interest calculation do not support [the borrower's] interpretation. The payment provision is not uncertain nor indefinite and can be enforced.

**{¶ 11}** There is no doubt that the clause at issue was not written as well as it could have been. There is equally no doubt about what the clause was meant to do: define the method to be used to calculate interest payments.

**{¶ 12}** We reverse the judgment of the court of appeals and reinstate the trial court's grant of summary judgment.

Judgment reversed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Law Offices of Steven M. Weiss and Steven M. Weiss; and Sonkin & Koberna Co., L.P.A., Mark R. Koberna, Rick D. Sonkin, and Mark E. Owens, for appellee.

Tucker, Ellis & West, L.L.P., Hugh M. Stanley, Thomas R. Simmons, and Benjamin C. Sassé, for appellant.

Vorys, Sater, Seymour & Pease, L.L.P., and John J. Kulewicz, urging reversal for amici curiae, Ohio Bankers League and American Bankers Association.

_____