[Cite as *Ely Ents., Inc. v. FirstMerit Bank, N.A.*, 2013-Ohio-1985.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98692**

---

# ELY ENTERPRISES, INC.

PLAINTIFF-APPELLEE

vs.

# FIRSTMERIT BANK, N.A.

DEFENDANT-APPELLANT

---

## JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-667641

BEFORE:   Celebrezze, P.J., Rocco, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   May 16, 2013

**ATTORNEYS FOR APPELLANT**

Philip F. Downey
Vorys, Sater, Seymour and Pease, L.L.P.
106 South Main Street
Suite 1100
Akron, Ohio   44308

Anthony J. O'Malley
Vorys, Sater, Seymour and Pease, L.L.P.
1375 East Ninth Street
Suite 2100
Cleveland, Ohio   44114

William A. Sieck
Vorys, Sater, Seymour and Pease, L.L.P.
52 Gay Street
Columbus, Ohio   43215


**ATTORNEYS FOR APPELLEES**

Mark Schlachet
3637 South Green Road
Suite 200
Beachwood, Ohio   44122

Scott E. Gant
William A. Isaacson
Boies, Schiller & Flexner, L.L.P.
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, DC   20015

Steven M. Weiss
Law Offices of Steven M. Weiss
55 Public Square
Suite 1055
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Appellant, FirstMerit Bank, N.A. ("FirstMerit"), brings this appeal from the certification of a class of plaintiffs seeking damages stemming from the way FirstMerit calculated interest in commercial loans from 1993 to the final adjudication in this case. FirstMerit argues that class certification was inappropriate because the lead plaintiff, Ely Enterprises, Inc. ("Ely"), appellee here, does not satisfy the Civ.R. 23 requirements. After a thorough review of the record and law, we reverse and remand.

## I.   Factual and Procedural History

**{¶2}** Ely sought and obtained a commercial loan from FirstMerit, which contained a provision that set interest at a rate of seven percent per annum.   A later provision of the loan agreement specified that interest would be calculated using a formula different from a standard 365-day calendar year.   This formula, commonly known as the 365/360, defined the way interest would be calculated as:   "[B]y applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding."

**{¶3}** For example, a loan of $100,000 at a specified interest rate of seven percent per annum would yield:

$$\frac{7.0\%}{360\ days} \text{ x \$100,000 x 365 } days$$

When this method of calculation is used, the amount of interest owed would be $7,097.22 in a non-leap year, rather than $7,000 when a strict per annum interest rate is applied.

**{¶4}** Ely brought suit claiming damages resulting from this discrepancy. On October 14, 2008, FirstMerit filed a motion to dismiss Ely's claims arguing that the contract terms were not incongruous and that the second provision allowed it to charge interest calculated using the 365/360 method. The trial court agreed and granted FirstMerit's motion on May 19, 2009. Ely then appealed that decision to this court. On January 28, 2010, this court reversed the order granting summary judgment, finding the more specific per annum term conflicted with the later provision essentially setting a higher rate of interest. *Ely Ents. v. FirstMerit Bank, N.A.*, 8th Dist. No. 93345, 2010-Ohio-80 ("*Ely I*").

**{¶5}** On remand, Ely moved to certify a class of plaintiffs defined as a

Class comprised of borrowers in Ohio who obtained a commercial loan from FirstMerit and/or its predecessors, and executed promissory notes specifying a "per annum" interest rate and containing the following language (the "365/360 basis" language): "The annual interest rate of this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal is outstanding."

**{¶6}** The trial court held a hearing on class certification and, on June 27, 2012, determined that Ely satisfied the requirements of Civ.R. 23. The court certified the class according to the definition above. FirstMerit then appealed, assigning five errors:

I. The trial court erred by declining to consider at all the merits, issues, and evidence that are relevant to the Civ.R. 23 requirements.

II. The trial court erred when it found that plaintiff has unambiguously defined a reasonably identifiable class of which plaintiff is a member.

III. The trial court erred when it found that class certification under Civil Rule 23(B)(3) was appropriate.

IV. The trial court erred when it found that plaintiff met the commonality, typicality, and adequacy requirements for class certification under Civil Rule 23(A).

V. The trial court erred in finding that Ely had met its burden to satisfy the requirements of Civ.R. 23, and in granting Ely's motion for class certification.

## II.  Law and Analysis

### A. Standard of Review

{¶7} FirstMerit's fifth assignment of error, its broadest, will be addressed first. There, FirstMerit generally attacks the trial court's decision to certify the class claiming Ely did not meet the requirements of Civ.R. 23.

{¶8} In *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 2000-Ohio-397, 727 N.E.2d 1265, the Ohio Supreme Court reaffirmed that the standard of review to be applied for a class action certification case is that of an abuse of discretion.   A trial court possesses broad discretion in determining whether a class action may be maintained.   That determination will not be disturbed absent a showing that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Beder v. Cleveland Browns, Inc.*, 129 Ohio App.3d 188, 717 N.E.2d 716 (8th Dist.1998).   The trial court's decision regarding the certification of a class should not be reversed on appeal because the appellate judges would have decided the issue differently had the initial determination been in their hands.  *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 1998-Ohio-365, 694 N.E.2d 442.

**{¶9}** Class certification in Ohio is based on Rule 23 of the Ohio Rules of Civil Procedure, which is identical to Rule 23 of the Federal Rules of Civil Procedure. In *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988), the Ohio Supreme Court set forth seven elements for a class to be certified.

**{¶10}** In determining whether a class action is properly certified, the first step is to ascertain whether the threshold requirements of Civ.R. 23(A) have been met. Once those requirements are established, the trial court must turn to Civ.R. 23(B) to discern whether the purported class comports with the factors specified therein. Accordingly, before a class may be certified as a class action, a trial court must make seven affirmative findings. *Id*. at paragraph one of the syllabus.

**{¶11}** Five prerequisites are explicitly set forth in Civ.R. 23, while two prerequisites are implicit. *Id*. The two implicit prerequisites are: (1) the class must be identifiable and unambiguously defined, and (2) the class representatives must be members of the class. *Id*. at 96. The four delineated prerequisites in Civ.R. 23(A) include the following:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

*Id*. at 97, quoting Civ.R. 23(A).

**{¶12}** Finally, the trial court must also find that one of the three Civ.R. 23(B) requirements is met before the class may be certified. *Warner* at 94; *see also Hamilton,* 82 Ohio St.3d at 71. If the class movant fails to meet one of these requirements, class certification must be denied.

## B. Retroactivity

**{¶13}** This case is complicated by an intervening decision by the Ohio Supreme Court. In *Ely I*, this court reversed the trial court's grant of FirstMerit's motion to dismiss finding the two interest provisions could be in conflict and could be ambiguous. This court faced a similar appeal in *JNT Props., L.L.C. v. KeyBank N.A.*, 8th Dist. No. 95822, 2011-Ohio-3260 ("*JNT Props. I*"). There, we also held that two similar paragraphs setting forth the interest rate were in conflict and reversed the lower court's grant of summary judgment. The Ohio Supreme Court accepted KeyBank's appeal in *JNT Props. I*. It has since reversed this court's decision, finding no conflict between the two paragraphs in the loan documents involved in *JNT Props. I. JNT Props., L.L.C. v. Keybank N.A.*, 134 Ohio St.3d 209, 2012-Ohio-5369, 981 N.E.2d 804 ("*JNT Props. II*"). The language is substantially similar in these two cases.[1] This implicates doctrines of law of the case and retroactivity. The law of this case, as set forth in *Ely I*, is that the

---

[1] The language at issue in *JNT Props. I* and *II* states: "The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding." *JNT Props. II* at ¶ 4. The only significant difference is that the loans at issue in the *JNT Props.* cases were adjustable rate loans, whereas in *Ely*, they are fixed rate loans.

paragraphs may conflict to create an ambiguity and the complaint is well-pled. However, a superior court has handed down an intervening decision eliminating Ely's chance of success at trial.

{¶14} Sometimes, federal appellate courts remand a cause for the application of recent cases handed down by the Supreme Court that impact the ultimate issues involved. Wasby, *Court of Appeals Dynamics in the Aftermath of a Supreme Court Ruling*, 42 Golden Gate U.L.Rev. 5 (2011). However, this court does not have that luxury. This court must either "affirm, modify, or reverse" a final decision of the trial court. App.R. 12(A).

{¶15} Addressing plain error analysis in criminal appeals, the Supreme Court recently reiterated that

> "[i]t is in the general true that the province of an appellate court is only to enquire whether a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. * * * In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."

*Henderson v. United States*, 81 U.S.L.W. 4089, 2013 U.S. LEXIS 1611 (2013), quoting *United States v. Schooner Peggy*, 1 Cranch 103, 110, 5 U.S. 103, 2 L.Ed. 49 (1801). *See also Ostrander v. Grossman*, 6th Dist. No. L-10-1083, 2010-Ohio-4379, ¶ 17 (quoting *Schooner Peggy* for the proposition that "if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed").

{¶16} In *Henderson*, the court reviewed a previous decision somewhat analogous to the present situation where it determined that the law to be applied by the appellate court was the law in place at the time of review. *Id.*, citing *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). In *Johnson*, the trial court made a ruling that was correct at the time based on settled law for its circuit, but an intervening Supreme Court decision made that ruling clearly erroneous at the time of appellate review. The Supreme Court determined that "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal — it is enough that an error be 'plain' at the time of appellate consideration." *Id*. at 468. In *Henderson*, the court extended that holding to questions that were not clearly settled at the time of trial, but were settled at the time of appellate review. *Id*. at the syllabus.

{¶17} The present case differs from *Johnson* and *Henderson* in some respects. Those cases interpreted the federal criminal rule allowing a trial court to notice plain error. Those were also criminal cases with more liberal retroactive application of decisions than in civil matters. *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 608-609, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987), citing *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). However, in the civil context, the Supreme Court stated, "[o]ur approach to retroactivity heeds the admonition that 'the Court has no more constitutional authority in civil cases than in criminal cases to disregard current law or to treat similarly situated litigants differently.'" *Harper v. Va. Dept. of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), quoting *Am.*

*Trucking Assns., Inc. v. Smith*, 496 U.S. 167, 214, 110 S.Ct. 2323, 110 L.Ed.2d 148 (1990) (Stevens, J., dissenting).

**{¶18}** In determining whether to apply decisions retroactively, the Supreme Court adjusted the analysis it set forth in *Chevron* for the application of intervening decisions. *Harper* at 97. There, the court held, "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Id*.

**{¶19}** However, the Ohio Supreme Court has adopted *Chevron's* analysis to determine the prospective or retrospective application of its decisions. *DiCenzo v. A-Best Prods. Co.*, 120 Ohio St.3d 149, 2008-Ohio-5327, 897 N.E.2d 132, ¶ 24. The Ohio Supreme Court reaffirmed *Chevron's* validity, stating:

> [T]he general rule in Ohio is that a decision will be applied retroactively unless retroactive application interferes with contract rights or vested rights under the prior law. However, a court also has discretion to impose its decision only prospectively after considering whether retroactive application would fail to promote the rule within the decision and/or cause inequity.

*Id*. at ¶ 14. The *DiCenzo* court then went on to adopt and apply the *Chevron* factors as the appropriate test under Ohio law. *Id*. at ¶ 24. It also rejected the notion that *Harper* overruled *Chevron* as the appropriate gauge for retroactivity in Ohio. *Id*. at ¶ 21-22.

**{¶20}** Here, no vested rights based on prior decisions are implicated. The use of the 365/360 method of calculating interest was not prohibited by prior law or decision.

Its use was widespread in the commercial lending industry indicating no contract rights would be impermissibly interfered with by applying *JNT Props. II* to the present case. *Kreisler & Kreisler, L.L.C. v. Natl. City Bank*, 657 F.3d 729, 731-732 (8th Cir.2011). Therefore, we must analyze the application of *JNT Props. II* under the *Chevron* rubric.

{¶21} The general rule is that decisions apply retroactively. The first factor to be examined when deciding if a decision should only apply prospectively is "whether the decision establishes a new principle of law that was not foreshadowed in prior decisions." *DiCenzo* at ¶ 25, citing *Chevron,* 404 U.S. at 97. The decision announced in *JNT Props. II* is not a new rule of law that had not previously been foreshadowed. In fact, the trial courts in both *JNT Props. I* and *Ely* granted summary dismissals of the plaintiffs' claims. The use of the 365/360 method is also common in commercial loans throughout the country. Several other courts have sanctioned the use of the 365/360 method. *Kreisler & Kreisler*; *LDJ Invests., Inc. v. First Bank*, S.D.Ill. No. 11-695-GPM, 2012 U.S. Dist. LEXIS 3526, *7-8 (Jan. 11, 2012); *Hubbard St. Lofts L.L.C. v. Inland Bank*, Ill.App. No. 102640, 963 N.E.2d 262, 270-272, 2011 Ill.App. LEXIS 1255 (Dec. 13, 2011). This is a matter of contract interpretation that was not a ruling that broke new legal ground.

{¶22} Next, we must examine "whether retroactive application of the decision promotes or retards the purpose behind the rule defined in the decision." *DiCenzo* at ¶ 25, citing *Chevron* at 106-107. The rule announced in *JNT Props. II* is one of standard

contract interpretation. Failing to apply that rule in this case would lead to differing results for similarly situated parties without justification.

{¶23} Finally, we must analyze "whether retroactive application of the decision causes an inequitable result." *DiCenzo* at ¶ 25, citing *Chevron* at 106-107. Here, no inequitable result would befall Ely as a result of this court's application of the holding in *JNT Props. II.* This is because the trial court would be required to apply its holding no matter this court's decision. This appeal is interlocutory in nature, and the *JNT Props. II* decision is binding on the trial court on remand from this court. It would be inexpedient to ignore the holding in *JNT Props. II* and its applicability to the questions before this court.

{¶24} For these reasons, the intervening decision of the Ohio Supreme Court impacts this court's analysis of the class certification question.

## C. Commonality and Predominance

{¶25} Civ.R. 23(A)(2) "requires the presence of 'questions of law or fact common to the class.' * * * If there is a common nucleus of operative facts, or a common liability issue, the rule is satisfied." *Hamilton,* 82 Ohio St.3d at 77. Civ.R. 23(B)(3) requires that the questions of law or fact to the members of the class predominate over any questions affecting individual members. As stated in *Hamilton*,

> Civ.R. 23(B)(3) provides that an action may be maintained as a class action if, in addition to the prerequisites of subdivision (a), the court finds that the questions of law or fact to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair, efficient adjudication of the controversy.

82 Ohio St.3d at 79-80.

{¶26} Here, there are no questions of law or fact common to all class members suitable for class adjudication. This is because the key issue in this case has been decided contrary to Ely's position by the Ohio Supreme Court.

{¶27} At the time the trial court made its determination to certify the class, the interest provisions were determined by this court to be in conflict. This provided a question suitable for class-wide adjudication because it led to a common question of liability based on form contracts. However, the Ohio Supreme Court has provided the answer to this question contrary to Ely's position and has removed any common question capable of class-wide adjudication. It has also removed any chance of success. Therefore, the decision certifying a class in this case is no longer correct.

{¶28} This court understands that the standard of review does not provide for an independent analysis of the trial court's decision because we review it for an abuse of discretion. But, the law this court should apply is the law in place at the time of review, not at the time of the trial court's decision. *Schooner Peggy,* 1 Cranch 103, 110, 5 U.S. 103, 2 L.Ed. 49; *Ostrander v. Grossman*, 6th Dist. No. L-10-1083, 2010-Ohio-4379, ¶ 17. In so doing, we find the trial court erred in certifying the putative class in this case based on the intervening Ohio Supreme Court decision in *JNT Props. II*.

### III. Conclusion

{¶29} This case lacks any class-wide common question bringing the dispute under the umbra of Civ.R. 23. Commonality and predominance cannot be met in light of the

Ohio Supreme Court's holding in *JNT Props. II*.  Therefore, the other elements of class certification do not need to be addressed.  FirstMerit's other assigned errors are also rendered moot.

**{¶30}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
TIM McCORMACK, J., CONCUR