LARSEN, Circuit Judge, concurring in part and dissenting in part.
I join Part II of the majority opinion, which concludes that we have jurisdiction to consider the merits of this appeal. I depart, however, from my colleagues when it comes to the reading of the parties' contract.
Under Ohio law, parties are free to define the terms in a contract as they see fit, even those that otherwise have well-understood common or technical meanings, so long as the parties' intent is clear. See Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth. , 78 Ohio St.3d 353, 678 N.E.2d 519, 526 (1997). The parties' intent "is presumed *281 to reside in the language they chose to employ in the agreement." Id. The contract here defines Annual Percentage Rate (APR) in an idiosyncratic but abundantly clear manner. At all times, the contract expressly ties the APR to the transaction fee and the borrower's statement cycles. The remainder of the contract explains, no fewer than ten times, that the cost of the loan is a flat, 10% transaction fee. The contract also clearly explains that the 10% transaction fee is assessed without regard to the length of time the loan remains outstanding. All plaintiffs were charged the 10% transaction fee-nothing more, nothing less.
Federal law may require that terms like APR be defined and disclosed in a particular way; and to the extent that such requirements apply here, plaintiffs' recourse lies in their Truth in Lending Act (TILA) claim. See Beach v. Ocwen Fed. Bank , 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998) (recognizing that the TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like ... [APRs]" and provides for "statutory and actual damages traceable to a lender's failure to make the requisite disclosures"). But plaintiffs got the benefit of their bargain, and so their breach of contract claim fails. See JNT Props., LLC v. Keybank Nat'l Ass'n , 134 Ohio St.3d 209, 981 N.E.2d 804, 806-07 (2012).
For these reasons, I respectfully dissent in part.