# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Asset Exchange II, LLC v. First Choice Bank*, 2011 IL App (1st) 103718

---

| | |
|---|---|
| Appellate Court Caption | ASSET EXCHANGE II, LLC, on Behalf of Themselves and All Those Similarly Situated, Plaintiff-Appellant, v. FIRST CHOICE BANK, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-10-3718 |
| Filed | July 12, 2011 |
| Rehearing denied | August 18, 2011 |
| Modified opinion filed | August 23, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed plaintiff's action alleging that defendant bank improperly charged a higher interest rate than that which the parties agreed upon when they signed a promissory note, since the note unambiguously stated that the interest rate would be calculated based on a 360-day year, but then multiplied by the actual number of days in a calendar year, that method was not a violation of the Illinois Interest Act in the context of the commercial loan at issue, and the bank's compliance with the unambiguous terms of the contract precluded plaintiff's action. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, 09-CH-48598; the Hon. James R. Epstein and the Hon. Michael B. Hyman, Judges, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Steven A. Hart, Scott W. Henry, and Anastasios T. Foukas, all of Segal McCambridge Singer & Mahoney, Ltd., of Chicago, for appellant. |
|---|---|
| | Scott L. Schmookler and Daniel R. Bryer, both of Clausen Miller P.C., of Chicago, and Rebecca S. Yocum, of Bottaro, Morefield, Kubin & Yocum, L.C., of Kansas City, Missouri, for appellee. |
| Panel | JUSTICE CONNORS delivered the judgment of the court, with opinion. Presiding Justice Cunningham and Justice Harris concurred in the judgment and opinion. |

## OPINION

¶ 1    This appeal arises out of a putative class action filed by Asset Exchange II, LLC (plaintiff), against First Choice Bank (Bank), alleging that the Bank improperly charged plaintiff a higher interest rate than that which the parties had agreed upon when they signed a promissory note (Note). Plaintiff alleged seven causes of action against the Bank: (1) breach of contract, (2) breach of an oral loan preparation contract, (3) violation of the Illinois Interest Act (815 ILCS 205/0.01 *et seq.* (West 2010)), (4) breach of the duty of good faith and fair dealing, (5) breach of the Illinois Consumer Fraud and Deceptive Business Practices Act (805 ILCS 505/1 *et seq.* (West 2010)), (6) common-law fraud, and (7) a declaratory judgment. The Bank filed a motion to dismiss pursuant to sections 2-615 and 2-606 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615, 2-606 (West 2010)). Following briefing, the court heard oral arguments on June 24, 2010[1], and took the matter under advisement. On October 8, 2010, the trial court issued a written memorandum and opinion dismissing counts I, III, IV, VI, and VII of the plaintiff's complaint with prejudice. Counts II and V were dismissed without prejudice.

¶ 2    Of those four causes of action that were dismissed with prejudice, plaintiff appeals the dismissal of three, arguing: (1) the trial court misapplied the Illinois Interest Act to the Note, (2) the trial court erred in dismissing plaintiff's breach of contract claim, and (3) the trial court erred in dismissing plaintiff's common-law fraud claim. For the following reasons, we affirm the judgment of the trial court.

¶ 3                              I. BACKGROUND

¶ 4    The facts of this case are not in dispute. Plaintiff Asset Exchange is a limited liability company owned by two "sophisticated businessmen." On December 14, 2007, plaintiff entered into a commercial loan agreement with the Bank, whereby the Bank agreed to loan

---

[1]The transcripts of those oral arguments were not included in the record.

plaintiff $1,250,000. The Note had a maturation date of December 12, 2008. In the heading section of the Note, it states: "Initial Rate: 8.25%." According to the "Payment" section of the Note, the annual interest rate was to be calculated on a 365/360 basis. Specifically, the "Payment" section, in bold writing, reads:

> "The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding."

¶ 5 In the "Variable Interest Rate" section immediately following the "Payment" section, the Note states:

> "The interest rate on this Note is subject to change from time to time based on changes in an index which is the Prime Rate as established by First Choice Bank (the 'Index'). The Index is not necessarily the lowest rate charged by Lender on its loans and is set by Lender in its sole discretion. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current index rate upon Borrower's request. The interest rate change will not occur more often than each day. Borrower understands that Lender may make loans based on other rates as well. The Index currently is 7.250% per annum. The interest rate to be applied to the unpaid principal balance during this Note will be at a rate of 1.000 percentage point over the Index, resulting in an *initial rate of 8.250% per annum*. NOTICE: Under no circumstances will the interest rate on this note be more than the maximum rate allowed by applicable law." (Emphasis added.)

¶ 6 Just above the signatures of plaintiff's principals, the Note states, in bold type and all capital letters:

> "Prior to signing this Note, Borrower read and understood all the provisions of this Note, including the variable interest rate provision. Borrower agrees to the terms of the Note."

¶ 7 On December 14, 2009, two years after signing the Note, plaintiff filed its putative seven-count class action lawsuit, alleging that the Bank surreptitiously slipped the 365/360 interest provision into the Note. Plaintiff asserted that because the Note referred to a "per annum" interest rate, Illinois law required interest on plaintiff's loan be calculated using the actual number of days in a calendar year, and not the 360-day year referred to in the Note.

¶ 8 The Bank moved to dismiss plaintiff's complaint based upon sections 2-606 and 2-615 of the Code. Section 2-606 states that if a claim is founded upon a written instrument, a copy of it must be attached to the pleading as an exhibit. 735 ILCS 5/2-606 (West 2010). The Bank argued that plaintiff failed to attach a valid copy of the Note to the complaint and failed to recite relevant provisions of the Note in their entirety. The Bank further argued that pursuant to section 2-615 of the Code, the allegations in plaintiff's complaint were insufficient to state a cause of action upon which relief could be granted.

¶ 9 The trial court, in a written memorandum opinion and order, found that the complaint should be dismissed for failure to comply with section 2-606 of the Code. However, the trial

court noted that because plaintiff attached a signed copy of the Note to its response to the Bank's motion to dismiss, it would address the substance of the motion in the interest of judicial economy.

¶ 10    With respect to the Illinois Interest Act claim, plaintiff argued that by using a year of less than 365 or 366 days (as in 360 days) to compute and charge interest at the represented per annum rates in the Note, the Bank knowingly and unlawfully applied a definition of "year" that was in violation of the Illinois Interest Act and thus charged and received more interest than authorized by law. The Bank moved to dismiss this allegation, contending that the Act does not apply to the type of loan at issue.

¶ 11    Plaintiff admitted that the type of commercial loan at issue in this case was exempt from the usury provision (section 4 (815 ILCS 205/4 (West 2010)) of the Illinois Interest Act), but maintained that the Bank nevertheless violated section 9 and section 10 of the Illinois Interest Act (815 ILCS 205/9, 10 (West 2010)). The trial court found that regardless of plaintiff's characterization of the interest charged, it was in fact attacking the amount of interest charged in alleging that it was at a greater rate of interest than permitted by Illinois law. The trial court noted that the Illinois Interest Act explicitly allows commercial loans like these, regardless of a state's usury laws. Accordingly, the trial court found that the Interest Act did not apply to the kind of commercial loan at issue. The trial court then found that even if section 9 or 10 of the Act did apply to the loan, the terms of the Note did not violate those sections.

¶ 12    With respect to plaintiff's breach of contract claim, the trial court found that a party cannot breach a contract by complying with its terms and that the Note's terms were not ambiguous. The 365/360 provision established the method for computing the applicable interest. In applying this method, the Bank complied with the terms of the Note and, therefore, plaintiff's allegations of breach of contract failed.

¶ 13    With respect to plaintiff's common-law fraud claim, the trial court found that the claim lacked particularity and specificity, and that plaintiff could not contend that it was deceived by the Bank's alleged misrepresentations when it had the opportunity to ascertain the terms by reading the Note in its entirety. The trial court dismissed plaintiff's common-law fraud claim. Plaintiff now appeals.

¶ 14                                   II. STANDARD OF REVIEW

¶ 15    We review an order granting a motion to dismiss pursuant to section 2-615 *de novo*. *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009). "A section 2-615 motion to dismiss tests the legal sufficiency of the complaint. On review, the question is 'whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted.' " *Green*, 234 Ill. 2d at 491 (quoting *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004)).

¶ 16                                    III. ANALYSIS

¶ 17       On appeal, plaintiff contends that (1) the trial court misapplied the Illinois Interest Act
to the Note, (2) the trial court erred in dismissing plaintiff's breach of contract claim, and (3)
the trial court erred in dismissing plaintiff's common-law fraud claim.


¶ 18                                A. Illinois Interest Act

¶ 19       Plaintiff alleges that the Bank acted deceptively by using a 360-day year to calculate
interest despite allegedly conflicting provisions mandating the use of a "per annum" interest
rate. We find that a recent opinion by this court, as well as recent opinions from Illinois
federal district courts, provides a framework for our analysis. Initially, we note that we are
aware that "lower federal court decisions are not binding on Illinois courts, but may be
considered persuasive authority." *People ex rel. Ryan v. World Church of the Creator*, 198
Ill. 2d 115, 127 (2001). In Illinois, there is a scarcity of state case law dealing with the
Illinois Interest Act's application to the 365/360 method of calculation in a commercial
loan.[2] Accordingly, we will expand our analysis to include federal case law interpreting the
Illinois Interest Act's application to commercial loans.

¶ 20       At the heart of this litigation is a dispute regarding the calculation of interest rates for
commercial loans. On this matter, the Seventh Circuit has explained:

               "Because the Gregorian calendar makes it impossible to have both equal daily
          interest charges and equal monthly interest charges throughout the year, banks have
          developed three methods of computing interest. These are the 365/365 method (exact
          day interest), the 360/360 method (ordinary interest) and the 365/360 method (bank
          interest). [Citations.] Under the 365/365 method each day has the same interest
          charge; the bank simply divides the annual interest rate by 365 to get a daily interest
          factor, applied to each day of the year. Under the 360/360 method each month carries
          the same interest charge; every completed month is assumed to have thirty days, and
          accumulates one-twelfth of the annual interest. Interest for incomplete months is
          calculated by dividing the number of days by 360. At the end of a year both of these
          methods produce the same interest because in each case the calculation will be
          Principal x Rate x 1. [Citation.]

               The 365/360 method is a hybrid. Here the bank first divides the annual interest
          rate by 360 to produce a daily interest factor. It then applies the factor to each of the
          365 or 366 days in the year, even though the borrower has paid the nominal 'annual'
          interest due after 360 days. Thus this method generates five or six extra days of

_____

          [2]We note that plaintiff contends in its petition for rehearing that "state case law does indeed
exist," and thereafter cites to two circuit court decisions from the Twentieth Judicial District that
found claims similar to plaintiff's claims to be valid. We remind plaintiff's counsel that circuit court
decisions have no precedential effect on Illinois appellate courts, and therefore have no bearing on
our decision. See *Norton v. City of Chicago*, 293 Ill. App. 3d 620, 625 (1997) ("An unpublished order
of a trial court is without precedential value.") Moreover, the two circuit court decisions plaintiff cites
to were decided *prior* to the Illinois appellate court and Illinois federal court cases relied upon in this
opinion.

interest for the bank each year, increasing the effective interest rate for the calendar year by 1/72." *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, No. 92-3282, 1993 WL 360955, *1-2 (7th Cir. Sept. 14, 1993). The 365/360 method, although not universal, is the prevailing method in commercial loans. *Id*. at *4.

¶ 21    Plaintiff alleges that the use of the 360-day year enumerated in the Note resulted in a higher charge of interest rate than that which the parties agreed upon. Similar arguments have been presented in several recent Illinois state and federal cases, and courts have found that they must fail because the Illinois Interest Act excludes from its coverage loans to corporations. Specifically, section 4 of the Illinois Interest Act provides that "[i]t is lawful to charge, contract for, and receive any rate or amount of interest or compensation with respect to *** [a]ny loan made to a corporation." 815 ILCS 205/4(1)(a) (West 2010). Based on section 4's plain meaning, both state and federal courts in Illinois have concluded that the Illinois Interest Act "does not apply to transactions involving corporations." See *Bank of America, N.A. v. Shelbourne Development Group, Inc.*, 732 F. Supp. 2d 809, 821 (N.D. Ill. 2010) (recognizing that Illinois courts have concluded that the Illinois Interest Act does not apply to transactions with corporations); *Computer Sales Corp. v. Rousonelos Farms, Inc.*, 190 Ill. App. 3d 388, 392 (1989) (noting that the general usury provision of the Illinois Interest Act does not apply to transactions with corporations); *Jones & Brown, Inc. v. W.E. Erickson Construction Co.*, 73 Ill. App. 3d 481, 483 (1979) ("[T]he defense of usury is a personal one and not available to a [corporation].") There is no dispute here that plaintiff is a corporation within the meaning of the Illinois Interest Act, and thus the Act does not apply to plaintiff's loan agreement with the Bank.

¶ 22    Even if we were to find that the Interest Act applies to the loan in this case, to the extent that plaintiff contends that the 365/360 method is illegal or improper, section 4(5) of the Interest Act was recently amended to clarify this exact issue. The amendment states, "[f]or purposes of item[ ] (a) *** of subsection (1) of this Section, a rate or amount of interest may be lawfully computed when applying the ratio of the annual interest rate over a year based on 360 days." 815 ILCS 205/4(5) (West 2010) (added by Pub. Act 96-1421 (eff. Aug. 3, 2010)). Section 4(5) was added in order to clarify the preexisting provisions of section 4 of the Illinois Interest Act. Specifically, section 4(5) states: "The provisions of this amendatory Act of the 96th General Assembly are declarative of existing law." *Id*.

¶ 23    Plaintiff concedes that section 4(1)(a) and section 4(5) of the Illinois Interest Act render any usury arguments moot due to its status as a corporation and the express allowance of the 365/360 method as a means of calculating interest. However, plaintiff contends that section 9 and section 10 of the Illinois Interest Act apply to commercial transactions and render this one unlawful. We find no authority, and plaintiff cites to none, that refutes our earlier statement that the Illinois Interest Act, as a whole, does not apply to transactions involving corporations. We are unpersuaded by plaintiff's unsupported argument that certain provisions of the Illinois Interest Act should apply to commercial transactions while others should not.

¶ 24    Nevertheless, even if section 9 and section 10 of the Illinois Interest Act were to apply to the transaction at issue, the result would be the same. A court's primary goal when

interpreting the language of a statute is to ascertain and give effect to the intent of the legislature. *Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 199 Ill. 2d 414, 424-25 (2002) (Freeman, J., dissenting, joined by Kilbride, J.). The plain language of the statute is the best indication of the legislature's intent. *In re Christopher K.*, 217 Ill. 2d 348, 364 (2005). When the plain language is clear and unambiguous, a court shall enforce it as written and will not read into it exceptions, conditions, or limitations that the legislature did not express. *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 332 (2008).

¶ 25        Section 9 of the Illinois Interest Act states:

"Whenever, in any statute, act, deed, written or verbal, contract, or in any public or private instrument whatever, any certain rate of interest is or shall be mentioned, *and no period of time is stated for which such rate is to be calculated*, interest shall be calculated at the rate mentioned, by the year, in the same manner as if 'per annum' or 'by the year' had been added to the rate." (Emphasis added.) 815 ILCS 205/9 (West 2010).

¶ 26        Plaintiff contends that because the heading of the Note states, "Initial Rate: 8.250%," and is not followed by a time period, the phrase "per annum" or "by the year" should be read into the heading. Plaintiff then contends that the definition of "year" in section 10 of the Interest Act is 365 days, or a calendar year, and thus the interest rate should have been calculated based on 365 days, not 360 days.[3] We disagree.

¶ 27        In *Shelbourne*, the loan agreement between a bank and a commercial borrower stated that all interest and fees were to be computed on the basis of "a 360-day year and the actual number of days elapsed." (Internal quotation marks omitted.) *Shelbourne*, 732 F. Supp. 2d at 816. The borrower alleged that the bank acted deceptively by using a 360-day year to calculate interest despite allegedly conflicting provisions mandating the use of a per annum interest rate. *Id*. The court found that the Illinois Interest Act did not apply to loans to corporations. However, it found that even if it applied to loans to corporations, the Act would nevertheless not apply in this case because section 9 of the Act only applies when " 'no period of time is stated' in the instrument." *Id*. at 822. The court stated that the loan documents clearly provided that interest was to be calculated on a 360-day year. Accordingly, the court found that "Section 9's gap-filling mechanism does not apply." *Id*. at 822.

¶ 28        Similarly here, the "Payment" section of the Note states, "The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying this ratio of the annual interest rate over *a year of 360 days*." (Emphasis added.) The Note provided that interest was to be calculated based on a 360-day year. Thus, as in *Shelbourne*, we find that section 9's gap-filling mechanism has no bearing on this case because the Note provided a time period for calculation of interest.

¶ 29        Plaintiff nevertheless maintains that section 9 should be read as requiring a time period to be inserted adjacent to *every* mention of interest rate throughout an instrument, and that

---

[3]Plaintiff also cites section 16 of the Promissory Note and Bank Holiday Act, which defines a year as 12 calendar months or a calendar year. 815 ILCS 105/16 (West 2010).

in the absence of such time period at every mention of interest rate, the interest rate must be calculated on a "per annum" or "by the year" basis. We disagree. Rather, we are persuaded by the analysis in *Shelbourne* that such language must only be inserted if no period of time is stated *in the instrument*.

¶ 30    Here, the "Payment" section, of a 2½-page promissory note, clearly states a time period of "a year of 360 days." *Cf. Kreisler & Kreisler, LLC v. National City Bank*, No. 4:10CV956 CDP, 2011 WL 846191, at *1, *5 (E.D. Mo. Mar. 8, 2011) (finding that a three-page promissory note was not ambiguous when the paragraph immediately preceding the interest rate paragraph stated that the computation method would be 365/360, and that the interest rate would be calculated based on "a year of 360 days"). We will not read any additional conditions, such as finding that section 9 mandates a time period after every mention of an interest rate, into the statute. See *Abruzzo*, 231 Ill. 2d at 332. Rather, we agree with other courts that have found section 9 to be a mere gap-filler when an instrument leaves out a time period all together. See *Shelbourne*, 732 F. Supp. 2d at 822.

¶ 31    Moreover, even if we were to read section 9 the way plaintiff requests, we would still find the Note to be proper. Under the "Variable Interest Rate" of the Note, it states, "[T]he interest rate to be applied to the unpaid principal balance during this Note will be at a rate of 1.00 percentage point over the Index, resulting in an initial rate of 8.250% *per annum*." (Emphasis added.) Accordingly, it is clear from a reading of the Note in its entirety that "per annum" or "by the year" in this Note refers to a 360-day year. This court, and other courts applying Illinois law, have recently found that using the 365/360 method to calculate interest, in conjunction with using the term "per annum" in a promissory note, is not unlawful or ambiguous.

¶ 32    In *RBS Citizens National Ass'n v. RTG-Oak Lawn, LLC*, 407 Ill. App. 3d 183 (2011), RTG, a limited liability company, defaulted on a loan it had with a bank. RTG argued that Illinois prohibits the receipt of interest in any amount greater than expressly authorized under the statutory definitions of "per annum" and "year." RTG averred that if the stated interest rate is per annum, the bank's use of the 365/360 method in computing interest was improper. *RBS Citizens*, 407 Ill. App. 3d at 188. This court noted that the interest provision of the loan documents "explicitly provides that interest will be 'computed *** on the basis' of a 360-day year, but 'shall be charged for the actual number of days' in the applicable period." *Id*. at 189. This court found that "such language is clear in communicating that the interest rate would be 'computed' on a 360-day year, while interest 'charged' would be based on the number of actual days that occurred (*i.e*., based on a 365-day year)." *Id*. Furthermore, this court found that references to "per annum" in other sections of the note did not render the computation language ambiguous. *Id*. at 190.

¶ 33    Similarly here, the "Payment" section of the Note states that the interest rate is computed "by applying this ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding." The next paragraph states that the initial interest rate is 8.250% per annum. As in *RBS Citizens*, we find that the use of "per annum" in other sections of the note did not render the computation language found in the "Payment" section ambiguous. See also *Shelbourne*, 732 F. Supp. 2d at 823-24 ("[T]here is no conflict between using the 365/360

method and stating that the applicable interest rates were 'per annum.' "); *Kreisler & Kreisler,* 2011 WL 846191, at \*1-2 (three-page promissory note not ambiguous when paragraph immediately preceding the per annum interest rate paragraph stated that the interest rate would be calculated on "a year of 360 days").

¶ 34   Accordingly, even if we were to read "per annum" or "by the year" into the Note after every mention of the interest rate, we would still find that "per annum" or "by the year" in this particular Note refers to a year of 360 days.

¶ 35   Accordingly, the terms of the Note unambiguously stated that the interest rate would be calculated based on a 360-day year, but then multiplied by the actual number of days in a calendar year. This method of computing interest is not a violation of the Illinois Interest Act in the context of the type of commercial loan at issue here, and therefore the circuit court properly dismissed the counts of plaintiff's complaint based on violations of the Illinois Interest Act.

¶ 36                               B. Breach of Contract

¶ 37   Plaintiff's next argument on appeal is that its breach of contract claim should not have been dismissed by the trial court. "The elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Henderson-Smith & Associates, Inc. v. Nahamani Family Service Center, Inc.*, 323 Ill. App. 3d 15, 27 (2001). As the trial court stated, "[i]t is axiomatic that a party cannot breach a contract by complying with its terms."

¶ 38   Plaintiff claims that the Note was ambiguous and open to more than one interpretation, and thus the contract should have been construed against the drafter. See *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 493 (1987) (ambiguous contractual language is generally construed against the drafter of the language); *Flora Bank & Trust v. Czyzewski*, 222 Ill. App. 3d 382, 388 (1991) (same). The Bank responds that the Note is unambiguous and therefore plaintiff's breach of contract claim was properly dismissed. We agree with the Bank.

¶ 39   As we discussed above, the terms of the Note at issue were not ambiguous, and thus there was no breach of contract since the Bank complied with the terms of the Note. As this court noted in *RBS Citizens*, we can find nothing in the record which indicates that the terms of the Note were concealed from plaintiff or that plaintiff was somehow improperly induced into signing the Note. "Simply because the defendants claim they were unaware of how interest would be ultimately calculated and charged is not an appropriate factor to consider in determining the ambiguity, or lack thereof, in a contract." *RBS Citizens*, 407 Ill. App. 3d at 190 (citing *Breckenridge v. Cambridge Homes, Inc.*, 246 Ill. App. 3d 810, 819 (1993), which states, "A party who has had an opportunity to read a contract before signing, but signs before reading, cannot later plead lack of understanding.") The terms of the Note were not ambiguous.

¶ 40   Viewing the allegations of the breach of contract claim in a light most favorable to plaintiff, we find that they are not sufficient to establish a breach of contract cause of action

upon which relief could be granted since the complaint does not allege that the Bank failed to comply with the terms of the unambiguous contract. See *Green*, 234 Ill. 2d at 491. Accordingly, the trial court properly dismissed plaintiff's breach of contract case.

¶ 41                                            C. Common-Law Fraud

¶ 42     Plaintiff's final contention on appeal is that the trial court improperly dismissed its claim for common-law fraud. In order to establish a claim for common-law fraud in Illinois, a plaintiff must allege and prove:

> "(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury." (Internal quotation marks omitted.) *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 75 (1994).

¶ 43     Plaintiff argues, relying on the same arguments as those used in support of its breach of contract claim, that no reasonable person could have ascertained the truth of the Bank's plan by looking at the Note. We reiterate that the terms of the Note were not ambiguous in this case, and nothing in the complaint alleges that plaintiff was induced into signing the Note, or that the Note was drafted with an intent to deceive. Moreover, plaintiff had an opportunity to read the Note, which was only 2½ pages in length, and which stated in bold type the terms of the interest calculation. As this court has stated:

> "One is under a duty to learn, or know, the contents of a written contract before he signs it, and is under a duty to determine the obligations which he undertakes by the execution of a written agreement. [Citation.] And the law is that a party who signs an instrument relying upon representations as to its contents when he has had an opportunity to ascertain the truth by reading the instrument and has not availed himself of the opportunity, cannot be heard to say that he was deceived by misrepresentations." *Leon v. Max E. Miller & Son, Inc.*, 23 Ill. App. 3d 694, 699-700 (1974).

¶ 44     "The application of this rule is particularly appropriate where the parties to the agreement are sophisticated business persons ***." *Northern Trust Co. v. VIII South Michigan Associates,* 276 Ill. App. 3d 355, 365 (1995). Here, plaintiff is a corporation headed by two sophisticated businessmen who had ample opportunity to read the Note and comprehend the terms laid out in the concise instrument. Because the terms of the Note were unambiguous, plaintiff's allegations in its complaint regarding common-law fraud must fail. The trial court properly dismissed the common-law fraud claim pursuant to section 2-615 of the Code.

¶ 45                                            IV. CONCLUSION

¶ 46     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 47    Affirmed.