# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Hubbard Street Lofts LLC v. Inland Bank*, 2011 IL App (1st) 102640

---

| | |
|---|---|
| Appellate Court Caption | HUBBARD STREET LOFTS LLC and ANDREW RUTTENBERG, on Behalf of Themselves and All Those Similarly Situated, Plaintiffs-Appellants, v. INLAND BANK, as Successor in Interest to AmeriMark Bank, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-10-2640 |
| Filed | December 13, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a loan plaintiffs obtained from defendant bank, the trial court properly dismissed plaintiffs' claims, *inter alia*, that the bank charged an interest rate above the rate permitted by the Interest Act and the Promissory Note and Bank Holiday Act, that the use of a 365/360 method of calculating interest violated the Interest Act, that it violated the Credit Agreements Act and the Consumer Fraud Act, and that it committed common law fraud. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-49410; the Hon. Mary Anne Mason, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Segal, McCambridge, Singer & Mahoney, Ltd., of Chicago (Steven A. Hart, Scott W. Henry, and Anastasios T. Foukas, of counsel), for appellants.

Foley & Lardner LLP, of Chicago (William J. McKenna and Thomas C. Hardy, of counsel), for appellee.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Presiding Justice Quinn and Justice Connors concurred in the judgment and opinion.

## OPINION

¶ 1      This appeal arises from a July 28, 2010 order entered by the circuit court of Cook County, which granted defendant-appellee Inland Bank's motion to dismiss a class action complaint on all counts with prejudice. On appeal, the appellants, Hubbard Street Lofts LLC and Andrew Ruttenberg, argue that: (1) the trial court erred in dismissing the counts for breach of contract, violation of the Illinois Interest Act (Interest Act) (815 ILCS 205/1 *et seq.* (West 2010)), and declaratory judgment in the appellants' complaint because the court misinterpreted sections 9 and 10 of the Interest Act; (2) the trial court improperly dismissed the breach of contract count in the appellants' complaint because the promissory note was ambiguous; and (3) the trial court erred in dismissing the counts for breach of the oral loan preparation contract, violation of the Consumer Fraud and Deceptive Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2010), and common law fraud in the appellants' complaint because the promissory note at issue was written and signed by the parties. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                        BACKGROUND

¶ 3      On or around March 17, 2006, plaintiffs-appellants Hubbard Street Lofts, LLC and Andrew Ruttenberg (collectively, Hubbard Street Lofts) obtained a loan of $6,400,000 from AmeriMark Bank, whose successor in interest in this case is Inland Bank. Hubbard Street Lofts claim that prior to the drafting of the promissory note (the Note), the parties had an agreement that Hubbard Street Lofts would pay AmeriMark Bank a fee to draft a loan document based on the representation that the interest rate on the loan would be 8.000% per year. The Note contained in the record is the loan document that memorialized the parties' agreement. The Note is 1½ pages long and contains multiple sections that are at issue in the case including:

(1) The heading, which states:

"**Principal Amount: $6,400,000.00   Initial Rate: 8.000%    Date of Note: March 17, 2006**"

(2) The payment section, which states (in relevant part):

"**PAYMENT. \*\*\* The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual Interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.**"

(3) The variable interest rate section, which states:

"**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an index which is Lender's Prime Rate (the 'index'). This is the rate Lender charges, or would charge, on 90-day unsecured loans to the most creditworthy corporate customers. This rate may or may not be the lowest rate available from Lender at any given time. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each Day. Borrower understands that Lender may make loans based on other rates as well. **The Index currently is 7.500% per annum. The interest rate to be applied to the unpaid principal balance of this Note will be at a rate of 0.500 percentage points over the index, resulting in an Initial rate of 8.000% per annum.** NOTICE: Under no circumstances will the Interest rate of this Note be more than the maximum rate allowed by applicable law."

(4) The signature clause, which states:

"**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.**"

¶ 4    Most notable is the payment section of the Note and the way it provides for interest to be calculated. A recent decision in the Illinois Appellate Court, First District, shed some light on the different methods of interest calculation that are currently used by lenders. This court noted that banks generally use three different methods of computing interest, which are the 365/365 method (exact-day interest), the 360/360 method (ordinary interest), and the 365/360 method (bank interest). *Asset Exchange II, LLC v. First Choice Bank*, 2011 IL App (1st) 103718, ¶ 20 (quoting *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, No. 92-3282, 1993 WL 360955, *1-2 (7th Cir. Sept. 14, 1993)).[1] The exact-day method is calculated by taking an interest rate, dividing it by 365, and then applying it to each day of the year. The ordinary interest rate method is calculated the same way, only using 360 as the number of days instead of 365. The 365/360 bank method, which was used in the Note in the instant case, is slightly different. It is calculated by first dividing the interest rate by 360, and then applying it to each day in a 365- or 366-day year. This

_____

[1] We note that the plaintiffs' attorneys in *Asset Exchange* are the same attorneys that represent Hubbard Street Lofts in the instant case.

-3-

effectively allows the banks to charge an extra five or six days of interest each year. The application of this method is the basis of the parties' dispute in this case.

¶ 5    On December 9, 2009, Hubbard Street Lofts filed a seven-count class action lawsuit against AmeriMark Bank in the circuit court of Cook County, claiming that: (1) AmeriMark Bank breached the contract with Hubbard Street Lofts by charging an interest rate above the rate permitted by the Interest Act and the Promissory Note and Bank Holiday Act (Promissory Note Act) (815 ILCS 105/0.01 *et seq.* (West 2010)); (2) AmeriMark Bank breached an oral loan preparation contract; (3) AmeriMark Bank charging interest using a 365/360 method of calculation violated the Interest Act; (4) AmeriMark Bank breached the duty of good faith and fair dealing; (5) AmeriMark Bank violated the Consumer Fraud Act; (6) AmeriMark Bank committed common law fraud; and (7) seeking declaratory judgment in relation to Hubbard Street Lofts' Interest Act claims. On January 15, 2010, Inland Bank filed an appearance as the successor in interest for AmeriMark Bank. Hubbard Street Lofts then moved for substitution of judge which was granted on February 3, 2010.

¶ 6    On February 16, 2010, Inland Bank filed a motion to dismiss the complaint pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)), and to strike the class allegations pursuant to section 2-801 of the Illinois Code of Civil Procedure (735 ILCS 5/2-801 (West 2010)). Hubbard Street Lofts filed a response to Inland Bank's motion on March 24, 2010, that claimed that: (1) the complaint could not be dismissed because the Note is ambiguous and permits multiple interpretations; (2) Hubbard Street Lofts sufficiently stated a cause of action under the Interest Act; (3) Inland Bank had discretion in the manner it charged interest to Hubbard Street Lofts and used this discretion in violation of the duty of good faith and fair dealing; (4) Inland Bank committed common law fraud; and (5) class actions are not limited to individuals.[2] Hubbard Street Lofts also filed a supplemental response to Inland Bank's motion asking the court to follow the reasoning used in Martinucci v. First Suburban National Bank of Maywood, No. 09 L 12936 (Cir. Ct. Cook Co.).

¶ 7    On July 28, 2010, the trial court heard oral arguments by both parties. Inland Bank argued that the Interest Act did not apply to the Note in this case and that Hubbard Street Lofts' first, third and seventh counts based on the Interest Act were therefore resolved. Inland Bank also claimed the that Credit Agreements Act (Credit Agreements Act) (815 ILCS 160/0.01 *et seq.* (West 2010)) barred Hubbard Street Lofts' second count for breach of an oral loan preparation contract and that Hubbard Street Lofts should not be certified as a class. Hubbard Street Lofts argued that the Note is ambiguous; that the Interest Act applies to the Note and prescribes that the interest be calculated over a full 12-month year consisting of 365 days (the exact-day method); and that the Credit Agreement Act does not apply in this case to bar their breach of an oral loan preparation contract count. The trial court held that the Credit Agreements Act did in fact bar Hubbard Street Lofts' count for breach of an oral loan preparation contract. The trial court also found *sua sponte* that the Credit Agreements Act

---

[2]There was an additional claim in this memorandum; however, two of the pages of the memorandum are missing from the record and cannot be located.

also barred Hubbard Street Lofts' breach of duty of good faith and fair dealing count, Consumer Fraud Act count, and common law fraud count. The trial court reasoned that these counts were based on alleged oral agreements that were not memorialized by the Note, and thus these counts were "exactly the types of claims that the [Credit Agreements] Act is designed to foreclose." The trial court found that despite the deficiencies under the Credit Agreements Act, Hubbard Street Lofts' Consumer Fraud Act count would fail because Hubbard Street Lofts are sophisticated business persons and therefore not "consumers" under the Consumer Fraud Act that affords protection. Also, the trial court held that the common law fraud count would fail for lack of specificity. Regarding Hubbard Street Lofts' Interest Act claims, the trial court found that the Interest Act is a gap-filling provision and does not apply to the Note because the parties agreed on the method of calculation. The trial court ruled that the Interest Act does not require a mention of the method of computation each and every time an interest rate is mentioned. The trial court also ruled that the Note was unambiguous. The trial court dismissed all counts with prejudice, holding that there were no amendments Hubbard Street Lofts could make that would state a proper cause of action. Because all the counts were dismissed, the trial court did not reach a decision on the issue of the motion to strike the class allegations. On August 27, 2010, Hubbard Street Lofts filed their notice of appeal.

¶ 8                                                    ANALYSIS

¶ 9        Inland Bank, in the lower court, filed a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)) and to strike the plaintiffs' class allegations pursuant to section 2-801 of the Illinois Code of Civil Procedure (735 ILCS 5/2-801 (West 2010)). The trial court granted Inland Bank's section 2-615 motion to dismiss all counts and therefore rendered the issue of the section 2-801 motion moot. In this court, Hubbard Street Lofts only raise arguments regarding the section 2-615 motion and that is all that we will consider in this case. When reviewing an order granting a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure, this court utilizes the *de novo* standard of review. *Neppl v. Murphy*, 316 Ill. App. 3d 581, 583, 736 N.E.2d 1174, 1178 (2000). The critical inquiry is whether, in the light most favorable to the plaintiff, the allegations of the complaint are sufficient to state a cause of action upon which relief can be granted. *Board of Directors of Bloomfield Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424, 712 N.E.2d 330, 333 (1999).

¶ 10       We first consider Hubbard Street Lofts' claim that the trial court erred by dismissing their first, third, and seventh counts because the court misinterpreted sections 9 and 10 of the Interest Act. In relevant part, section 9 of the Interest Act states:

> "Whenever, in any statute, act, deed, written or verbal, contract, or in any public or private instrument whatever, any certain rate of interest is or shall be mentioned, and no period of time is stated for which such rate is to be calculated, interest shall be calculated at the rate mentioned, by the year, in the same manner as if 'per annum' or 'by the year' had been added to the rate." 815 ILCS 205/9 (West 2010).

Additionally, section 10 of the Interest Act States:

"In all computations of time, and of interest and discounts, a month shall be considered to mean a calendar month, and a year shall consist of twelve calendar months; and in computations of interest or discount for any number of days less than a month, a day shall be considered a thirtieth part of a month, and interest or discount shall be computed for such fractional parts of a month upon the ratio which such number of days shall bear to thirty." 815 ILCS 205/10 (West 2010).

Section 16 of the Promissory Note Act, also cited by Hubbard Street Lofts, is identical to section 10 of the Interest Act. Hubbard Street Lofts argue that section 10 of the Interest Act statutorily defines the term "year" as the calendar year of 12 months in all computations of time related to determining interest. Also, Hubbard Street Lofts claim that section 9 prescribes that the 12-month year applies to each and every instance where an interest rate is mentioned in an instrument and where no period of time is stated in the written document for such rate to be calculated. Hubbard Street Lofts point out that the heading of the Note states "Initial Rate: 8.000%" and the variable interest rate section of the Note states "[t]he index is currently 7.500% per annum. The interest rate to be applied to the unpaid principle balance of this Note will be at a rate of 0.500 percentage points over the index, resulting in an initial rate of 8.000% per annum." They contend that because these portions of the Note do not also contain a specific period of time, the Interest Act applies the 12-month calendar year to these sections. Hubbard Street Lofts argue that these sections control over the 365/360 calculation method mentioned in the payment section of the Note. In support of this argument, Hubbard Street Lofts cite two trial court decisions from the Twentieth Judicial District in St. Clair, Illinois. In both cases, the trial court held that each and every time an interest rate is mentioned without a time period for which it is to be calculated, the Interest Act applies the 12-month year to the interest rate. Kitson v. Bank of Edwardsville, No. 02-L-0807 (Cir. Ct. St. Clair Co., Jan. 24, 2008); Patterson v. Regions Bank, No. 06-CH-436 (Cir. Ct. St. Clair Co., Mar. 27, 2008). The citation of trial court rulings in the appellate court is unusual to say the least. Further, it is nonbinding on this court. Multiple rulings made by this court defeat Hubbard Street Lofts' claims and are much more persuasive and applicable to the instant case.

¶ 11 Through a motion to file supplemental authority, Inland Bank cites a recent case that appeared in this court. In that case, the appellate court ruled on many of the same issues presented in the instant case. Those issues resulted from a promissory note that contained identical language and provisions as the Note at issue in this case. We therefore rely upon the analysis and reasoning in that case to guide us in resolving the issues in this case. In *Asset Exchange II, LLC*, 2011 IL App (1st) 103718, the plaintiffs, as in the instant case, cited two trial court decisions from the Twentieth Judicial District in support of their claim that the defendant acted deceptively in using a 360-day year to calculate the interest rate. The appellate court in *Asset Exchange* reasoned that "circuit court decisions have no precedential effect on Illinois appellate courts, and therefore have no bearing on our decision." *Id*. at 19 n.2. We agree with this reasoning and find Hubbard Street Lofts' citations to Kitson and Patterson unpersuasive. A more detailed analysis of *Asset Exchange* will be particularly instructive for the issues in this case.

¶ 12 In *Asset Exchange*, the parties entered into a loan agreement for $1,250,000. *Id*. at ¶ 4.

The heading of the note stated "Initial Rate: 8.25," and the payment section stated "The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding." (Internal quotation marks omitted.) *Id*. The variable interest rate section, in relevant part, stated "[t]he index is currently 7.250% per annum. The interest rate to be applied to the unpaid principal balance during this Note will be at a rate of 1.000 percentage point over the Index, resulting in an initial rate of 8.250% per annum." (Emphasis omitted.) (Internal quotation marks omitted.) *Id*. at ¶ 5. The plaintiffs in *Asset Exchange* filed a seven-count[3] class action lawsuit alleging that the defendants deceptively applied the 365/360 interest rate calculation method and that Illinois law required the rate to be calculated based on the 12-month calendar year. *Id*. at ¶ 7. The trial court dismissed the plaintiffs' first, third, fourth, sixth and seventh counts with prejudice, and dismissed the plaintiffs' second and fifth counts without prejudice. *Id*. at ¶ 1. The plaintiffs appealed arguing that the trial court misinterpreted the Interest Act; the trial court erred in dismissing the breach of contract claim; and the trial court erred in dismissing the common law fraud claim. *Id*. at ¶ 2.

¶ 13    The appellate court held primarily that section 4 of the Interest Act shows that it does not apply to corporations. *Id*. at ¶ 21. Further, the court found that even if the Interest Act were to apply, the plaintiffs' claims would still fail. *Id*. at ¶ 24 provision and did not require a time period to be inserted with each and every mention of an interest rate; that the explanation of the 365/360 calculation method in the payment section of the note was sufficient to determine the way the interest rate would be calculated throughout the note; and that the note was unambiguous. *Id*. at ¶¶ 27-30. The court found that the explanation of the 365/360 calculation method qualified as stating a time period for calculation within the instrument. *Id*. at ¶ 30. The court reasoned that it would not be practical to require the method to be mentioned each and every time the interest rate was mentioned. *Id*. Even when reading the statute in the manner requested by the plaintiffs, the court in *Asset Exchange* held that the terms "per annum" and by the "year" in the variable interest rate section of the note referred to the 360-day year. *Id*. at ¶ 32. The appellate court also found that the plaintiffs' claim for breach of contract was properly dismissed because the note was unambiguous and the defendants were simply complying with the terms of the note. *Id*. at ¶¶ 37-40. Finally, the court held that the dismissal of plaintiffs' common law fraud claim was proper because the plaintiffs were sophisticated business persons who signed a contract with terms that were stated clearly. *Id*. at ¶ 43. The court reasoned that the plaintiffs were under a duty to know and understand those terms before they executed the agreement. *Id*. at ¶¶ 43-44.

¶ 14    Although *Asset Exchange* was decided after the notice of appeal was filed in this case, the facts are clearly similar to the facts in this case; thus, we find its reasoning particularly instructive. Notably, the plaintiffs in *Asset Exchange* filed the same seven counts in their complaint at trial and raised almost identical issues on appeal as Hubbard Street Lofts raised

---

[3]This court notes that the plaintiffs in *Asset Exchange* alleged the same seven counts in their complaint at trial that Hubbard Street Lofts alleged at trial in this case, making these two actions extremely analogous. *Asset Exchange II, LLC v. First Choice Bank*, 2011 IL App (1st) 103718, ¶ 1.

in the instant case. Moreover, the language in the promissory note in *Asset Exchange* and in the instant case is exactly the same in regard to the payment sections, and is nearly identical in the headings and variable interest rates sections. The only differences are in the percentages of interest rates charged. Because of these glaring similarities, we are inclined to agree with the rulings of the court in *Asset Exchange*. Additionally, an analysis of other state and federal cases yield the same results.

¶ 15 In *Bank of America, N.A. v. Shelbourne Development Group, Inc.*, 732 F. Supp. 2d 809 (N.D. Ill. 2010), a federal district court case, the parties entered into a loan agreement. The plaintiff ultimately filed suit to demand payment under the agreement. *Shelbourne*, 732 F. Supp. 2d at 816. The defendants filed counter claims alleging that the plaintiff violated the Interest Act; breached the duty of good faith and fair dealing; violated the Consumer Fraud Act; and committed common law fraud. *Id*. at 817. In the loan agreement in that case there was a provision that stated "all interest and fees, if any, will be computed on the basis of a 360-day year and the actual number of days elapsed." (Internal quotation marks omitted.) *Id*. at 816. The defendants claimed that the plaintiff acted deceptively in using the 360-day year to calculate the interest despite another provision in the loan agreement that mandated the use of a per annum interest rate. *Id*. The district court held that although the defendants' claim was preempted by the National Bank Act (12 U.S.C. § 28 (2006)), the claim would nevertheless fail under the Interest Act as well. *Id*. at 821. The court held that the Interest Act does not apply to corporations and is merely a gap-filling provision where no time period is stated for which interest is to be calculated. *Id.* The court ruled that a time period calculation method needs only to be stated somewhere within the instrument, and because there was a clause that stated that interest will be computed based on a 360-day year, section 9 of the Interest Act did not apply in that case. *Id*.

¶ 16 When a court interprets a statute, the primary goal is to ascertain and give effect to the intent of the legislature. *Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 199 Ill. 2d 414, 424-25, 769 N.E.2d 932, 938-39 (2002). In interpreting statutes, the court must construe the statute as a whole and consider its parts together. *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 462-63, 722 N.E.2d 1115, 1119 (1999). Illinois courts have held that section 9 of the Interest Act is a gap-filling provision and only applies when no time period for calculation of interest appears *anywhere* in the instrument in question. Section 10 defines the terms, namely, the term "year," that section 9 applies when appropriate. Therefore, if section 9 and its terms are judged to be gap-fillers and inapplicable in situations such as in the instant case, as the trial court held, then it follows that the section 10 definitions are gap-fillers as well and would not apply in this case. Accordingly, we hold that the trial court did not err in dismissing Hubbard Street Lofts' first, third and seventh counts.

¶ 17 It is important to note for clarification that both parties presented arguments based on a recent amendment to the Interest Act that was enacted after the trial court made its ruling. On August 3, 2010, an additional section was added to the Interest Act (815 ILCS 205/4(5) (West 2010)), which in relevant part states "a rate or amount of interest may be lawfully computed when applying the ratio of the annual interest rate over a year based on 360 days. The provisions of this amendatory Act of the 96th General Assembly are declarative of

existing law." See Pub. Act 96-1421, § 5 (eff. Aug. 3, 2010). Inland Bank argues that this amendment proves that it is legal to use the 365/360 method, and therefore Hubbard Street Lofts' Interest Act arguments are moot. Hubbard Street Lofts respond by clarifying that they are not challenging the legality of the 365/360 method, they are only claiming that their agreement and the Note provide for the use of a different method. Hubbard Street Lofts contend that retroactive application of the amendment to this case is unconstitutional. The provisions of the "amendatory Act of the 96th General Assembly are declarative of existing law." 815 ILCS 205/4(5) (West 2010). Accordingly, we adopt the position that the amendment applies retroactively. However, the issue is whether the parties agreed to use the 365/360 calculation method as provided by the Note, not whether the method itself is legal. Therefore, the amendment of the Interest Act has no bearing on the outcome of this case and we will not address it further.

¶ 18    Hubbard Street Lofts next argue that their breach of contract count should not have been dismissed because the Note is ambiguous. It is well established that if a contract is ambiguous, it presents a question of fact and cannot be decided on a motion to dismiss. *Monroe Dearborn Ltd. Partnership v. Board of Education*, 271 Ill. App. 3d 457, 462, 648 N.E.2d 1055, 1058 (1995). However, whether or not a contract is ambiguous is a question of law for the court to decide. *Id*. Hubbard Street Lofts argue that there are at least two reasonable interpretations of the Note's interest terms and several possible interpretations. They also claim that they were to be charged no more than 8.000% per calendar year because when "both a general and a specific provision in a contract address the same subject, the more specific clause controls." *Grevas v. United States Fidelity & Guaranty Co.*, 152 Ill. 2d 407, 411 (1992). Hubbard Street Lofts argue that the heading and the variable interest rate are the more specific clauses of the agreement. Lastly, Hubbard Street Lofts argue that if the term "year" is defined as 360 days through the payment section of the Note, then it must also define the term "annual" and "per annum" throughout the Note. They argue that to do so would create inherently contradictory terms.

¶ 19    As discussed, in *Asset Exchange*, the court found the exact terms used in the agreement in the instant case to be clearly unambiguous. Additionally, in *RBS Citizens, National Ass'n v. RTG-Oak Lawn, LLC*, 407 Ill. App. 3d 183, 943 N.E.2d 198 (2011), a case which Inland Bank cited heavily in its argument before this court, the court found that a promissory note with similar language describing the 365/360 method was unambiguous. In *RBS*, the plaintiff filed a foreclosure suit and in response, the defendants filed counterclaims and affirmative defenses alleging violations of the Interest Act, duty of good faith and fair dealing, the Consumer Fraud Act, and common law fraud. *RBS*, 407 Ill. App. 3d at 184, 943 N.E.2d at 203. The plaintiff filed a motion to dismiss and the trial court granted the motion on all affirmative defenses and counterclaims with prejudice. *Id*. The promissory note in *RBS* contained a section entitled "Interest," which in relevant part stated "[i]nterest shall be computed on the principal balance outstanding from time to time, on the basis of a three hundred sixty (360) day year, but shall be charged for the actual number of days within the period for which interest is being charged." (Internal quotation marks omitted.) *Id*. The appellate court found that the language in question clearly communicated how the interest was to be calculated and was therefore unambiguous. *Id*. at 190, 943 N.E.2d at 206. The

court also noted that the section in question was the only one that discussed how interest would be calculated and that the term "per annum" was not mentioned in the section, thereby removing the risk of confusion. *Id.* The language in the interest section of the *RBS* agreement is very similar to the language in the payment section of the instant case.

¶ 20 Hubbard Street Lofts attempt to counter this argument by pointing out that the Note in this case contains different sections that use terms like "annual" and "per annum." They argue that the use of the terms in various sections of the document make the Note less clear. However, in *RBS* the court found no indication that the defendants were deceived by the terms and noted that just because the defendants were unaware of how interest would be calculated does not mean that the provision in question is ambiguous. *Id.* In the instant case, the specific clause in question is clearly the 365/360 method found in the payment section of the Note. The use of the terms "annual" and "per annum" cannot reasonably be said to confuse the manner in which interest will be calculated. Therefore, there is no ambiguity in this provision of the Note.

¶ 21 Although Hubbard Street Lofts admit that the manner in which Inland Bank and the trial court construed the Note is a reasonable interpretation, they argue that other interpretations can apply as well. We disagree. On the contrary, we hold that the interpretations advanced by Hubbard Street Lofts are not reasonable. For example, Hubbard Street Lofts argue numerous complex mathematical formulas in support of their ambiguity argument. Some of the formulas yield absurd results. Nevertheless these arguments do not create an ambiguity where none exists.

¶ 22 Inland Bank responds by claiming that Hubbard Street Lofts forfeited these arguments by not raising them in the trial court. Inland Bank refers to *RBS* in which the defendants similarly attempted to present an alternative mathematical argument that was rejected by the appellate court. *RBS*, 407 Ill. App. 3d at 188, 943 N.E.2d at 205. Furthermore, a "theory upon which a case is tried in the lower court cannot be changed on review." *Kravis v. Smith Marine, Inc.*, 60 Ill. 2d 141, 147, 324 N.E.2d 417, 420 (1975). Hubbard Street Lofts' main and repeated argument in the trial court was that the Note in this case was ambiguous. Thus, they cannot now claim that the Note must be interpreted in different ways that were never mentioned in the trial court. Accordingly, we reject those arguments and hold that the trial court did not err in dismissing Hubbard Street Lofts' breach of contract count.

¶ 23 Lastly, Hubbard Street Lofts argue that the court erred in dismissing their second, fifth and sixth counts because the Note at issue was written and signed and therefore not barred by the Credit Agreements Act. Hubbard Street Lofts contend that the Credit Agreements Act prevents actions related to credit agreements unless the agreement is in writing. They further argue that no court has found that the Credit Agreements Act bars claims related to a credit agreement when it is written and signed by both parties. The trial court reasoned that the Credit Agreements Act was designed to protect against actions where plaintiffs contend that they had an oral agreement with the defendant, and that the memorialization of the contract does not reflect what they agreed to. Thus, the trial court found Hubbard Street Lofts' second, fifth and sixth counts in the complaint were the prototype of claims that are barred by the Credit Agreements Act.

¶ 24    Inland Bank cites *First National Bank in Staunton v. McBride Chevrolet, Inc.*, 267 Ill. App. 3d 367, 373, 642 N.E.2d 138 (1994), which states that "[t]here is no justifiable reliance on an oral credit agreement as a matter of law in Illinois." In *McBride*, a bank officer promised orally to hold a check that caused an overdraft in a corporation's account until the Monday after a weekend; however, the bank officer in fact did not hold the check and the corporation suffered losses. *Id*. at 369-70, 643 N.E.2d at 140. The trial court held that the Credit Agreements Act barred all claims by the corporation because the agreement was not in writing and the appellate court affirmed. See generally *McBride*, 267 Ill. App. 3d 367, 642 N.E.2d 138. The court held that there is no limitation on the types of actions that are barred under the Credit Agreements Act so long as they are related to a credit agreement. *Id*. at 372, 643 N.E.2d at 142. "[A]ll actions which depend for their existence upon an oral credit agreement are barred by the [Credit Agreements] Act." *Id*. The court further reasoned that a customer has no recourse in the law if the bank fails to honor their oral agreement. *Id*.

¶ 25    In this case, Hubbard Street Lofts claim that they had an agreement with Inland Bank that the interest rate for the loan would be calculated at 8.000% based on the 365/365 method. This agreement however is not in writing. What *is* in writing is the Note that prescribes the 365/360 method by which to calculate the interest rate of the loan. Because Hubbard Street Lofts cannot show in writing, or in any other way for that matter, that they had an agreement with Inland Bank to apply the 8.000% interest for 365 days, this count is barred by the Credit Agreements Act. Therefore, the trial court did not err in dismissing Hubbard Street Lofts' second, fifth and sixth counts.

¶ 26    Notwithstanding its reasoning regarding the Credit Agreements Act, the trial court also dismissed Hubbard Street Lofts' fifth count for violation of the Consumer Fraud Act because Hubbard Street Lofts were sophisticated business persons and not the average "consumers" which the Consumer Fraud Act was designed to protect. The court found that Hubbard Street Lofts' sixth count, based on common law fraud, failed because it was not pled with specificity. Both these counts were therefore dismissed with prejudice because the trial court found that there was no amendment that would cure the defective pleading. The trial court's reasoning is consistent with *Asset Exchange II, LLC*, 2011 IL App (1st) 103718 (which held that a common law fraud claim was properly dismissed where plaintiffs were sophisticated businessmen who had a duty to know the terms of a contract before signing); *Shelbourne*, 732 F. Supp. 2d 809 (which held that a Consumer Fraud Act claim cannot be raised based on terms that are revealed within the very documents that were signed, and common law fraud claim is inapplicable where there was no false statement since interest was calculated by the method prescribed in the loan document); *RBS,* 407 Ill. App. 3d 183, 943 N.E.2d 198 (which held that Consumer Fraud Act claim was properly dismissed where note was unambiguous, there was no deviation from the terms of the note, and nothing in the record of negotiations or agreements indicates deception). Furthermore, "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (2005).

¶ 27    Hubbard Street Lofts also claim that they were deceived by the use of the 365/360 calculation method, yet offer no facts or evidence that support that theory. Similarly, there is no evidence that Inland Bank deviated from the terms of the Note or used any calculation

-11-

method other than the 365/360 method specified in the payment section. Therefore, Hubbard Street Lofts' Consumer Fraud Act and common law fraud counts were properly dismissed.

¶ 28      For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 29      Affirmed.